2001 ND 195

**Lina P. GAAB, Plaintiff and Appellee**

v.

**Clarence OCHSNER, Defendant and Appellant.**

**No. 20010112.**

Supreme Court of North Dakota.

Dec. 10, 2001.

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, N.D., for defendant and appellant.

Patricia A. Garrity, (on brief), Bair, Bair, Garrity & Kelsch, LLP, Mandan, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] Clarence Ochsner appeals from a domestic violence protection order dated March 7, 2001, which extended a prior domestic violence protection order for two years. We hold the trial court did not abuse its discretion in extending the protection order, and we affirm.

I

[¶ 2] Lina Gaab and Clarence Ochsner were involved in a relationship from 1993 until May of 2000. On August 15, 2000, Gaab filed a petition for a domestic vio-lence protection order against Ochsner. In her affidavit in support of the petition, Gaab recounted a dinner date she had with Ochsner at the V.F.W. club on May 27, 2000. According to Gaab, while they were at the V.F.W. club, Ochsner grabbed Gaab's right hand and held it between his legs so she couldn't get away from him. He then attempted to pull a ring off the ring-finger of her left hand. Gaab asked the people at the table next to her for help, after which Ochsner let go of her hand and slapped her on the left side of her face. As a result of this incident, Gaab stated her face and wrist were bruised and swol-len and she no longer had any strength in her wrist. In addition to the incident at the V.F.W. club, Gaab stated Ochsner drove through her apartment complex on several occasions and made phone calls to her after she told him to quit calling her.

[¶ 3] Gaab was granted a temporary protection order, and a hearing on the issuance of a permanent protection order was held on August 24, 2000, before the Honorable Robert O. Wefald. Judge Wef-ald issued a six-month domestic violence protection order, which was to expire on February 25, 2001. On February 21, 2001, Gaab filed a petition to extend the domes-tic violence protection order for two years. In her affidavit in support of the petition, Gaab alleged Ochsner violated the six-month protection order by driving past her apartment several times, by making ha-rassing phone calls to her, and by leaving messages "with filthy language" on her answering machine. As a result of the petition, Gaab was granted a temporary extension of the original order and a hear-ing on the matter was set for March 7, 2001, before the Honorable Gail Hagerty. Subsequent to the hearing, Judge Hagerty ordered the original domestic violence pro-tection order extended for two years. Ochsner appeals from this order.

## II

■ [¶ 4] Ochsner argues the trial court erred in extending the protection order for two years because there was no evidence of actual or imminent domestic violence to support the extension of the order. Ochsner correctly states a party seeking a domestic violence protection order must prove actual or imminent domestic violence by a preponderance of evidence. *See Steckler v. Steckler,* 492 N.W.2d 76, 80 (N.D.1992). Ochsner, however, never appealed from the issuance of the original protection order, rather, he is appealing from the trial court's extension of that order. We have never addressed the issue of whether a party must prove actual or imminent domestic violence to succeed on a motion to extend an existing protection order.

■ [¶ 5] Under N.D.C.C. § 14–07.1–02(6), a trial court may amend a protection order at any time upon petition of either party. Section 14–07.1–02, N.D.C.C., is a remedial statute which we construe " 'liberally, with a view to effecting its objects and to promoting justice.' " *See Lucke v. Lucke,* 300 N.W.2d 231, 234 (N.D.1980) (quoting N.D.C.C. § 1–02–01); *cf. Maldonado v. Maldonado,* 631 A.2d 40, 42 (D.C.1993) ("The Intrafamily Offenses Act is a remedial statute and as such should be liberally construed for the benefit of the class it is intended to pro-

tect."). It was enacted as part of the adult abuse laws passed by the legislature in 1979. 1979 N.D. Sess. Laws ch. 193, § 2. Existing remedies, such as restraining orders, had proved to be inadequate in protecting victims of domestic violence. *Hearing on H.B. 1621 Before the Senate Judiciary Comm.,* 46th N.D. Legis. Sess. (March 12, 1979) (testimony of Rep. Wayne Stenehjem) [*"Hearing on H.B. 1621"*]. The legislature intended the adult abuse laws to fill the void in existing laws in order to protect victims of domestic violence from further harm. *See Hearing on H.B. 1621, supra* (testimony of Sen. Harry Iszler); *see also Peters–Riemers v. Riemers,* 2001 ND 62, ¶ 54, 624 N.W.2d 83 (Maring, J., concurring and dissenting) ("The purpose of a civil protection order is to prevent domestic violence in the future."). Given the fundamental purpose of the section 14–07.1–02, the prevention of further acts of domestic violence, we conclude once a petitioner succeeds in obtaining a permanent domestic violence protection order, the petitioner is not required to prove actual or imminent domestic violence in order to succeed on a motion to extend that order under N.D.C.C. § 14–07.1–02(6).[1]

## III

■ [¶ 6] Whether there is domestic violence sufficient to support the issuance

---

1. Had our Legislature intended to require a petitioner to make a second showing of actual or imminent domestic violence in order to obtain an extension of an existing protection order under section 14–07.1–02(6) it could have so provided. Legislatures of other states have set forth specific grounds on which an existing protection order may be extended. For example, the Minnesota Domestic Abuse Act specifically provides:

   The court may extend the terms of an existing order or, if an order is no longer in effect, grant a new order upon a showing that:

   (1) the respondent has violated a prior or existing order for protection;
   (2) the petitioner is reasonably in fear of physical harm from the respondent; or
   (3) the respondent has engaged in acts of harassment or stalking within the meaning of section 609.749, subdivision 2.
   A petitioner does not need to show that physical harm is imminent to obtain an extension or a subsequent order under this subdivision.
   Minn.Stat. Ann. § 518B.01, subd. 6a (West Supp. 2001); *see also* 750 Ill. Comp. Stat. Ann. 60/20(e) (West 1999); Wash. Rev.Code § 26.50.060(3) (2000).

of a protection order is a question of fact which will be overturned on appeal only if it is clearly erroneous. *See Lovcik v. Ellingson,* 1997 ND 201, ¶ 10, 569 N.W.2d 697. However, a trial court's decision to extend an existing protection order is reviewed under an abuse of discretion standard. *See Maldonado,* 631 A.2d at 42 (stating that a trial court's determination of good cause to extend an existing protection order is subject to reversal only upon a showing of abuse of discretion); *cf. Woodworth v. Chillemi,* 1999 ND 43, ¶ 7, 590 N.W.2d 446 (stating that a trial court's decision to amend a judgment will not be reversed absent an abuse of discretion). A trial court abuses its discretion "when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Peters–Riemers,* 2001 ND 62, ¶ 7, 624 N.W.2d 83.

[¶ 7] In Gaab's petition to extend the protection order, she stated Ochsner violated the six-month protection order by driving past her apartment several times, by making harassing phone calls to her, and by leaving messages "with filthy language" on her answering machine. At the hearing on the petition to extend the protection order, Gaab testified "I'm afraid of what might happen to me if I don't get another protection order because I do not trust him and he violated the first protection order, and I'm afraid." Additionally, the act of domestic violence which formed the basis for the original protection order occurred less than a year prior to Gaab bringing her petition to extend that order. Under these circumstances, which indicate a violation of an existing protection order and Gaab's fear of physical harm from Ochsner, we hold the trial court did not abuse its discretion in granting Gaab's petition to extend the protection order. *See Lutz v. Lutz,* 313 Ill.App.3d 286, 245 Ill. Dec. 877, 728 N.E.2d 1234, 1237 (2000) (holding the trial court did not abuse its discretion in extending a protection order where the extension was based on evidence of the respondent's alleged violation of the order and on the fact that there was no material change in circumstances since the original order); *cf. Lovcik,* 1997 ND 201, ¶¶ 12, 13, 569 N.W.2d 697 (holding recent harassing phone calls, evidence of domestic violence committed in 1989, and fear of imminent bodily harm supported the issuance of a domestic violence protection order in 1996).

IV

[¶ 8] Gaab requests costs and attorney's fees incurred on this appeal because it is frivolous. Rule 38, N.D.R.App. P., provides "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs including reasonable attorney's fees." An appeal is frivolous under Rule 38 if it is " 'flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith.' " *Matter of Estate of Opatz,* 554 N.W.2d 813, 817 (N.D.1996) (quoting *Wingerter v. North Dakota Dept. of Transp.,* 530 N.W.2d 362, 365 (N.D.1995)). As discussed above, we have never addressed the issue of whether a party must prove actual or imminent domestic violence in order to succeed on a motion to extend an existing protection order. Ochsner's appeal was supported by rational argument and supporting authority. Accordingly, Gaab's request for attorney's fees is denied. *See Estate of Opatz,* 554 N.W.2d at 817 (denying attorney's fees on appeal where the losing party presented an argument that was not "flagrantly groundless or devoid of merit").

V

[¶ 9] We, therefore, affirm the domestic violence protection order dated March 7, 2001.

[¶ 10] VANDE WALLE, C.J., and NEUMANN, KAPSNER, JJ., and BRUCE E. BOHLMAN, District Judge, concur.

[¶ 11] The Honorable BRUCE E. BOHLMAN, District Judge, sitting in place of SANDSTROM, J., disqualified.