2005 ND 154

**Krista M. FRISK, Petitioner and Appellee**

v.

**Daniel J. FRISK, Respondent and Appellant.**

**No. 20050051.**

Supreme Court of North Dakota.

Aug. 23, 2005.

Benjamin E. Thomas, Wold Johnson, P.C., Fargo, ND, for petitioner and appellee.

Robert J. Schultz, Conmy Feste, Ltd., Fargo, ND, for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Daniel J. Frisk appealed a Domestic Violence Protection Order entered against him, claiming the district court erred in entering the protection order without explicitly finding actual or immi- nent domestic violence and without explaining the factual basis for its decision. We reverse the Domestic Violence Protection Order and remand to the district court for further proceedings.

[¶ 2] Daniel Frisk and Krista M. Frisk separated on May 9, 2004. Following their separation, Krista Frisk filed a Petition for Protective Relief. The district court issued a Temporary Domestic Violence Protection Order. The district court held a contested hearing on the petition, but, prior to the culmination of the hearing, the parties entered into a stipulation and settlement agreement read into the record. The settlement agreement provided for the continuation of the previous Temporary Domestic Violence Protection Order for a period not to exceed six months. The parties specifically agreed there would be no findings of domestic violence. The district court entered the Domestic Violence Protection Order as agreed to by the parties, stating "[t]he parties stipulated and agreed that there would be no finding regarding the issue of domestic violence."

[¶ 3] Five months later, Krista Frisk filed an Application for Extension of Domestic Violence Protection Order. Following a contested hearing (the "second contested hearing"), the district court extended the stipulated Domestic Violence Protection Order for an additional two years, entering a new Domestic Violence Protection Order on December 27, 2004.

[¶ 4] On appeal, Daniel Frisk argues the trial court abused its discretion in extending the stipulated Domestic Violence Protection Order for an additional two years without ever having made a finding of domestic violence. He contends Krista Frisk has the burden of establishing domestic violence and, without having met this burden, she should not be granted an extension of the Domestic Violence Protec-

tion Order. Further, he asserts the district court erred in failing to make findings to support or explain the basis for its decision to continue the Domestic Violence Protection Order. Finally, he argues the parties' stipulation, which provided that the Domestic Violence Protection Order would not exceed six months in duration, precludes an extension of the stipulated Domestic Violence Protection Order.

[¶ 5] In contrast, Krista Frisk argues the district court did not abuse its discretion in extending the stipulated protection order. She contends there is no specific statutory requirement that the district court make a finding of domestic violence in cases where the parties stipulate to entry of a protection order, and she notes statutory law provides a district court may amend an agreement regarding a protection order at any time upon a petition of a party. She disputes there is any requirement that the district court explicitly find acts of domestic violence in order to extend the protection order, given the broad purpose of N.D.C.C. § 14–07.1–02, the prevention of domestic violence. She argues the extensive pleadings, testimony, and affidavits in the record demonstrate the district court had sufficient cause to extend the protection order. Finally, she contends the parties' prior stipulation does not foreclose the district court from extending a protection order, citing N.D.C.C. § 14–07.1–02(6), which permits a district court to amend an agreement between the parties at any time.

I.

[¶ 6] "Whether there is domestic violence sufficient to support the issuance of a protection order is a question of fact which will be overturned on appeal only if it is clearly erroneous. However, a trial court's decision to extend an existing protection order is reviewed under an abuse of discretion standard." *Gaab v. Ochsner*, 2001 ND 195, ¶ 6, 636 N.W.2d 669 (internal citations omitted). A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. *Mellum v. Mellum*, 2000 ND 47, ¶ 21, 607 N.W.2d 580.

[¶ 7] Section 14–07.1–02, N.D.C.C., provides:

(1) An action for a protection order commenced by a verified application alleging the existence of domestic violence may be brought in district court by any family or household member or by any other person if the court determines that the relationship between that person and the alleged abusing person is sufficient to warrant the issuance of a domestic violence protection order. An action may be brought under this section, regardless of whether a petition for legal separation, annulment, or divorce has been filed.

(2) Upon receipt of the application, the court shall order a hearing to be held not later than fourteen days from the date of the hearing order.

(3) Service must be made upon the respondent at least five days prior to the hearing. If service cannot be made, the court may set a new date.

(4) Upon a showing of actual or imminent domestic violence, the court may enter a protection order after due notice and full hearing. . . .

. . . .

(6) The court may amend its order or agreement at any time upon subsequent petition filed by either party.

[¶ 8] "Section 14–07.1–02, N.D.C.C., is a remedial statute which we construe liberally, with a view to effecting its objects and to promoting justice." *Gaab v. Ochsner*, 2001 ND 195, ¶ 5, 636

N.W.2d 669 (internal quotations omitted). Section 14–07.1–02, N.D.C.C., "makes it clear that a domestic violence proceeding is not a plenary action that requires a full-blown trial. Rather, the statute creates a special summary proceeding and directs a motion hearing noticed by order of the court." *Peters–Riemers v. Riemers,* 2001 ND 62, ¶ 12, 624 N.W.2d 83.

[¶ 9] "Given the fundamental purpose of … section 14–07.1–02, the prevention of further acts of domestic violence," this Court concluded in *Gaab v. Ochsner* that, "once a petitioner succeeds in obtaining a permanent domestic violence protection order, the petitioner is not required to prove actual or imminent domestic violence in order to succeed on a motion to extend that order under N.D.C.C. § 14–07.1–02(6)." *Gaab,* 2001 ND 195, ¶ 5, 636 N.W.2d 669. However, *Gaab* involved a party's attempt to extend a protection order initially entered by a district court following a contested hearing on the merits, not an extension of a protection order originally entered pursuant to a stipulation or agreement of the parties. *Id.* at ¶ 3. Significantly, in *Gaab* we noted "a party seeking a domestic violence protection order must prove actual or imminent domestic violence by a preponderance of evidence," *id.* at ¶ 4, but we rationalized that our Legislature did not intend "to require a petitioner to make a *second* showing of actual or imminent domestic violence in order to obtain an extension of an existing protection order." *Id.* at ¶ 5 n. 1 (emphasis added). Here, because of the stipulation, Krista Frisk has never proven "actual or imminent domestic violence" by a preponderance of the evidence.

[¶ 10] Section 14–07.1–02(6), N.D.C.C., grants the district court authority to "amend its order or agreement at any time upon subsequent petition filed by either party." A review of the statutory text and the relevant legislative history does not reveal what the Legislature meant by the term "agreement." Although we have previously stated that "[w]hen a stipulation is incorporated into a judgment, we are concerned only with interpretation and enforcement of the judgment, not with the underlying contract," *Karsky v. Kirby,* 2004 ND 110, ¶ 8, 680 N.W.2d 257 (citing *Botner v. Botner,* 545 N.W.2d 188, 190 (N.D.1996)), we do not believe the Legislature envisioned a procedure through which a party could have his or her liberty interests impinged on a reoccurring basis, despite no finding ever having been made that the party is an "actual or imminent" threat to the petitioner. A stipulation or agreement specifying there are no findings of domestic violence cannot be the factual basis on which to "amend" an "order or agreement" by extending its applicability without the consent of the respondent.

[¶ 11] Allowing a stipulation in which there is no finding of domestic violence to serve as the grounds for an extension of a protection order is also at odds with the purpose of the statute, namely "the prevention of *further* acts of domestic violence." *Gaab,* 2001 ND 195, ¶ 5, 636 N.W.2d 669 (emphasis added); *see also* N.D.C.C. § 14–07.1–02(4) (court may enter a protection order "[u]pon a showing of actual or imminent domestic violence"). Furthermore, to the extent parties find it advantageous to enter into stipulations to avoid the prejudicial effect of a possible finding of domestic violence on child-custody arrangements, *see* N.D.C.C. § 14–09–06.2(1)(j), and to the extent district courts see fit to give life to these stipulations through issuing protection orders based upon the stipulations, we see no reason to discourage this practice. If we were to determine that stipulations, however limited or carefully drafted to not reach the issue of domestic violence, can be the basis for reoccurring extensions of protection

orders, it will likely diminish, if not eliminate, such arrangements.

[¶ 12] Although Krista Frisk did submit evidence at the second contested hearing that could plausibly lead to a finding of "actual or imminent domestic violence," the district court did not explicitly indicate it was drawing this conclusion, nor did it indicate what facts would contribute to such a finding. The Domestic Violence Protection Order simply stated the district court "reviewed the pleadings and the testimony presented at the [second contested] hearing." At the second contested hearing, the judge stated "[a] lot of things have happened since we had that last hearing," but the court appeared to address the Application for Extension of Domestic Violence Protection Order against the backdrop of the parties' child-visitation arrangement and pending divorce case, rather than in the context of domestic violence. It is not clear to us whether the district court believed a finding of "actual or imminent domestic violence" was necessary.

[¶ 13] We recognize a domestic violence proceeding is not a plenary action requiring a full-blown trial, but the district court must nevertheless explain the reasoning behind its decision and the factual basis supporting it. Yet, our concern with this case is one of substance, not form. Whether a party files a new application for a protection order, N.D.C.C. § 14–07.1–02(1), or files a petition to amend the stipulated protection order or agreement, N.D.C.C. § 14–07.1–02(6), is a procedural matter of lesser importance than the substantive question of whether the applicant or petitioner has satisfied the threshold burden of demonstrating "actual or imminent domestic violence," as determined by the district court.

[¶ 14] We reverse the Domestic Violence Protection Order and remand to the district court for consideration of whether the evidence supports a finding that Daniel Frisk poses an "actual or imminent" danger of domestic violence to Krista Frisk.

[¶ 15] DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ, and GORDON O. HOBERG, Surrogate Judge, concur.

[¶ 16] The Honorable GORDON O. HOBERG, Surrogate Judge, sitting in place of MARING, J., disqualified.

[¶ 17] The Honorable DANIEL J. CROTHERS, did not participate in this decision.