# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 24

Valerie Sherwood,                                              Petitioner

v.

Derrick Sherwood,                          Respondent and Appellant

### No. 20230230

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Derrick R. Sherwood, self-represented, Grand Forks, ND, respondent and appellant.

Philip J. Axt, Solicitor General, Bismarck, ND, for amicus curiae State of North Dakota.

**Bahr, Justice.**

[¶1]   Derrick Sherwood appeals a district court order denying his motion to vacate a domestic violence protection order ("DVPO") under N.D.R.Civ.P. 60. We hold the court did not abuse its discretion in denying Derrick Sherwood's request to treat Valerie Sherwood as a hostile witness, in denying Derrick Sherwood's motion to vacate the DVPO, and in awarding Valerie Sherwood attorney's fees. We further hold Derrick Sherwood does not have standing to challenge the constitutionality of N.D.C.C. § 14-07.1-02(4)(g). We affirm.

I

[¶2]   Valerie Sherwood petitioned for a DVPO against Derrick Sherwood in May 2022. The district court held a hearing and entered a DVPO restraining Derrick Sherwood from having contact with Valerie Sherwood and their two minor children for two years, and requiring Derrick Sherwood to surrender his firearms to law enforcement. Derrick Sherwood petitioned to amend the DVPO in October 2022. The court held a hearing and amended the DVPO.

[¶3]   In March 2023, Derrick Sherwood moved to dismiss the DVPO. The parties stipulated to amend the DVPO. The stipulation stated the parties resolved their divorce by stipulation, and agreed in the divorce stipulation, "Valerie will not object or prevent Derrick from petitioning the Court to get his firearms back in [the DVPO case]. The remaining provisions of the [DVPO] shall remain the same." The stipulation further stated, "Valerie raises no objection to Derrick having a firearm, and Derrick understands the provisions of the [DVPO] which do not involve firearm ownership shall remain unchanged." In May 2023, the district court held a hearing on Derrick Sherwood's motion. Derrick Sherwood called Valerie Sherwood as a witness and requested the court certify Valerie Sherwood as a hostile witness. The court ruled, "At this time I am not going to certify her as a hostile witness but if things proceed where you believe that may need to be renewed, you may

proceed to renew that request." After the hearing, the court amended the DVPO to remove the restriction on Derrick Sherwood's possession of firearms.

[¶4]   Derrick Sherwood filed a motion to vacate the DVPO under N.D.R.Civ.P. 60(b) in June 2023. The district court denied the motion and awarded Valerie Sherwood attorney's fees.

## II

[¶5]   Derrick Sherwood argues the district court erred by not certifying Valerie Sherwood as a hostile witness during the May 2023 hearing.

[¶6]   "A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice." *Asiama v. Asumeng*, 2023 ND 114, ¶ 22, 992 N.W.2d 543  (quoting *Jalbert v. Eagle Rigid Spans, Inc.*, 2017 ND 50, ¶ 9, 891 N.W.2d 135). "A court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if it misinterprets or misapplies the law or if its decision is not the product of a rational mental process." *Id*. "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . protect witnesses from harassment or undue embarrassment." N.D.R.Ev. 611(a)(3). Rule 611(c), N.D.R.Ev., provides, "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party."

[¶7]   Derrick Sherwood called Valerie Sherwood as a witness. Before asking Valerie Sherwood a single question, Derrick Sherwood asked the district court to certify Valerie Sherwood as a hostile witness. Valerie Sherwood's attorney opposed the request, stating she does not believe that is necessary and she does not believe Valerie Sherwood, a victim of domestic violence, should be treated as a hostile witness by her abuser. The court ruled, "At this time I am not going to certify her as a hostile witness but if things proceed where you believe that may need to be renewed, you may proceed to renew that request." Derrick

Sherwood did not renew his request Valerie Sherwood be certified as a hostile witness.

[¶8] Valerie Sherwood filed the petition for the DVPO and, thus, was an adverse party to Derrick Sherwood. Under Rule 611(c), when a party calls an adverse party as a witness, a district court will "ordinarily" allow leading questions. However, here the court previously found Valerie Sherwood to be the victim of domestic violence by Derrick Sherwood. To protect Valerie Sherwood from harassment, the court took a wait and see approach, declining to certify Valerie Sherwood as a hostile witness, but permitting Derrick Sherwood to renew his request if he felt the circumstances warranted him doing so.

[¶9] Under these circumstances, Derrick Sherwood has not shown the district court abused its discretion in denying Derrick Sherwood's initial request to certify Valerie Sherwood as a hostile witness.

## III

[¶10] Derrick Sherwood argues the district court erred when it did not grant his N.D.R.Civ.P. 60(b) motion and vacate the amended DVPO. He argues the parties' stipulation is a contract, that he contracted to receive his firearms back, and that the only way to fulfill the contract is for the court to vacate the DVPO.

[¶11] "The court may amend its order or agreement at any time upon subsequent petition filed by either party." N.D.C.C. § 14-07.1-02(6). Here, the district court amended the DVPO based on Derrick Sherwood's request and the parties' stipulation. The amended DVPO was not contrary to or inconsistent with the stipulation. The stipulation provided, "Valerie will not object or prevent Derrick from petitioning the Court to get his firearms back in [the DVPO case]." In compliance with the stipulation, Valerie Sherwood did not object to Derrick Sherwood getting his firearms back. Moreover, although not required by the stipulation, the court entered an amended judgment that removed the restriction on Derrick Sherwood's possession of firearms under state law.

3

[¶12] The stipulation did not require the district court to vacate the DVPO, as requested by Derrick Sherwood in his motion. Rather, the stipulation specifically provided the non-firearm "provisions of the [DVPO] shall remain the same." The stipulation also represented that Derrick Sherwood "understands the provisions of the [DVPO] which do not involve firearm ownership shall remain unchanged."

[¶13] The district court did not err when it declined to dismiss the amended DVPO on the ground it was contrary to the stipulation.

IV

[¶14] Derrick Sherwood argues the district court misapplied the law when it denied his motion to vacate the judgment. Derrick Sherwood argues the court should have vacated the DVPO because, due to intervening facts, Valerie Sherwood was no longer in imminent danger of domestic violence.

[¶15] "An appeal from a [district] court's refusal to vacate an order under Rule 60(b), N.D.R.Civ.P., does not permit the appellant to attack the underlying order from which an appeal could have been, but was not, brought." *Kautzman v. Doll*, 2018 ND 23, ¶ 5, 905 N.W.2d 744 (quoting *Anderson v. Baker*, 2015 ND 269, ¶ 8, 871 N.W.2d 830). Rather, our review is limited to the order which was appealed. *Matter of Est. of Bartelson*, 2019 ND 107, ¶ 12, 925 N.W.2d 416.

[¶16] Derrick Sherwood did not appeal the original or amended DVPO. He cannot now do so by appealing the district court's order denying his Rule 60(b) motion to vacate the DVPO. *Kautzman*, 2018 ND 23, ¶ 5 (appeal of district court's denial of motion to reconsider did not permit appellant to challenge the underlying disorderly conduct restraining order); *Anderson*, 2015 ND 269, ¶ 8 (appeal of district court's denial of motion for reconsideration did not permit appellant to challenge the underlying order holding appellant in contempt of court).

[¶17] Moreover, Derrick Sherwood's argument a DVPO must be vacated when there is no longer an imminent danger of domestic violence lacks merit. This Court has held, once a petitioner succeeds in obtaining a domestic violence

4

protection order, "the petitioner is not required to prove actual or imminent domestic violence in order to succeed on a motion to extend that order under N.D.C.C. § 14-07.1-02(6)." *Gaab v. Ochsner*, 2001 ND 195, ¶ 5, 636 N.W.2d 669. "[I]f the district court issued the original protection order after holding a hearing on the merits and finding actual or imminent domestic violence, the petitioner is not required to make a second showing to obtain an extension." *Odden v. Rath*, 2007 ND 51, ¶ 16, 730 N.W.2d 590. If a petitioner is not required to prove actual or imminent domestic violence to obtain an extension of a DVPO, a petitioner need not prove actual or imminent domestic violence to maintain the original DVPO.

[¶18] The district court did not err in denying Derrick Sherwood's motion to vacate the judgment.

V

[¶19] Derrick Sherwood asks this Court to consider a challenge to the constitutionality of N.D.C.C. § 14-07.1-02(4)(g). In its amicus brief, the State argues Derrick Sherwood does not have standing to challenge the statute.

[¶20] "A party is entitled to have a court decide the merits of a dispute only after demonstrating the party has standing to litigate the issues placed before the court." *Finstad v. Gord*, 2014 ND 72, ¶ 23, 844 N.W.2d 913 (quoting *Dakota Res. Council v. Stark Cnty. Bd. of Cnty. Comm'rs*, 2012 ND 114, ¶ 5, 817 N.W.2d 373). "Standing is the concept used to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court." *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2021 ND 62, ¶ 12, 958 N.W.2d 128 (quoting *Schmidt v. City of Minot*, 2016 ND 175, ¶ 13, 883 N.W.2d 909). "Because courts do not render advisory opinions or decide purely abstract questions, parties seeking relief from a court must demonstrate they have standing by alleging such a personal stake in the outcome of a controversy to justify the court's exercise of remedial powers on their behalf." *Dakota Res. Council*, at ¶ 5.

[¶21] Section 14-07.1-02(4)(g), N.D.C.C., provides a DVPO may require, under certain circumstances, that the respondent "surrender for safekeeping any

firearm or other specified dangerous weapon . . . in the respondent's immediate possession or control or subject to the respondent's immediate control[.]" Here, N.D.C.C. § 14-07.1-02(4)(g) does not prevent Derrick Sherwood from having access to his firearms. The district court amended the DVPO to allow Derrick Sherwood to possess firearms. Because Derrick Sherwood is not prohibited from possessing or controlling firearms under N.D.C.C. § 14-07.1-02(4)(g), he does not have a justiciable controversy regarding the constitutionality of section 14-07-02(4). *See Finstad*, 2014 ND 72, ¶ 23.

[¶22] We hold Derrick Sherwood does not have standing to challenge the constitutionality of N.D.C.C. § 14-07.1-02(4)(g).

VI

[¶23] Derrick Sherwood argues the district court erred in awarding attorney's fees to Valerie Sherwood under N.D.C.C. § 28-26-01(2).

[¶24] Under N.D.C.C. § 28-26-01(2), a district court has discretion to determine whether a claim is frivolous and, if it is, the amount and reasonableness of an award of attorney's fees. *Bolinske v. Sandstrom*, 2022 ND 148, ¶ 30, 978 N.W.2d 72. However, if the court finds the claim is frivolous, it "must award costs and attorney's fees[.]" *Id.* A claim is frivolous "if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor[.]" N.D.C.C. § 28-26-01(2). We will not overturn a court's discretionary determinations under N.D.C.C. § 28-26-01(2) absent an abuse of discretion. *Sagebrush Res., LLC v. Peterson*, 2014 ND 3, ¶ 15, 841 N.W.2d 705. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Tillich v. Bruce*, 2017 ND 21, ¶ 7, 889 N.W.2d 899.

[¶25] The district court found Derrick Sherwood's motion to vacate was frivolous because it raised issues that had already been determined in the case and it made baseless accusations. The court awarded Valerie Sherwood attorney's fees of $775. Based on the record, including the substance of Derrick

6

Sherwood's N.D.R.Civ.P. 60 motion and the divorce stipulation, we conclude the court did not abuse its discretion when it found Derrick Sherwood's motion to dismiss was frivolous and awarded attorney's fees to Valerie Sherwood.

## VII

[¶26] Having considered the parties' other arguments, we conclude they are either unnecessary to the decision or are without merit. We affirm.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr