**BANCAMERICA COMMERCIAL CORPORATION, a Pennsylvania corporation; ASARCO, Inc., Plaintiffs–Appellees–Cross–Appellants,**

v.

**MOSHER STEEL OF KANSAS, INC., a Kansas corporation; Trinity Industries, Inc., a Texas corporation, Defendants–Appellants–Cross–Appellees.**

Nos. 95–3385, 95–3396.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1996.

Before PORFILIO, TACHA and BRORBY, Circuit Judges.

## ORDER

BRORBY, Circuit Judge.

On November 13, 1996, we issued an opinion in these cases affirming the judgment of the district court, with the exception of reversing and remanding for the granting of prejudgment interest to Plaintiffs in accordance with 42 U.S.C. § 9607(a) (1994). 100 F.3d 792 (10th Cir.1996).

Our opinion, contrary to the prescription of Fed. R.App. P. 37, contained no instructions to the district court concerning the award of postjudgment interest. Consequently, Plaintiffs Bancamerica Commercial Corp. and AS-ARCO, Inc. moved that we reform the mandate to indicate interest should be awarded from the date of the district court's original judgment. We agree that interest should accrue on the entire judgment, including the forthcoming award of prejudgment interest, from August 2, 1995, the date of the district court's original judgment, and amend our mandate accordingly.

Postjudgment interest from the entry of the district court's judgment is mandatory. 28 U.S.C. § 1961(a) (1994). Rule 37 provides further guidance: "If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest." Failing to previously supply such instructions, we now repair our error.[1]

In determining whether postjudgment interest should accrue from the date of the district court's original judgment or the date of a later judgment, we examine "the extent to which the case was reversed." *Northern Natural Gas Co. v. Hegler*, 818 F.2d 730, 737 (10th Cir.1987), *cert. dismissed*, 486 U.S. 1063, 109 S.Ct. 7, 100 L.Ed.2d 937 & 487 U.S. 1265, 109 S.Ct. 28, 101 L.Ed.2d 978 (1988). Where the original judgment lacks an evidentiary or legal basis, postjudgment interest accrues from the date of the second trial court judgment, *see Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36, 110 S.Ct. 1570, 1575–76, 108 L.Ed.2d 842 (1990); "where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment." *Cordero v. De Jesus–Mendez*, 922 F.2d 11, 16 (1st Cir.1990); *see also, e.g., Dunn v. HOVIC*, 13 F.3d 58 (3d Cir.1993) (awarding plaintiff postjudgment interest from date of original judgment even though original judgment was $26.3 million and ultimate judgment following appeal and remittitur was $1.5 million); *Coal Resources, Inc. v. Gulf & W. Indus.*, 954 F.2d 1263, 1273–75 (6th Cir.1992) (awarding post-judgment interest from date of first judgment).

Here, our reversal was limited to the district court's failure to grant Plaintiffs prejudgment interest, whereas we affirmed all other aspects of the district court's lengthy decision. As in *Northern Natural Gas*, "reversal for such a purpose was not to a large 'extent' or an extent sufficient to change the determinative judgment for ... purposes [of the commencement of accrual of post-judgment interest]." 818 F.2d at 738. Accordingly, postjudgment interest should ac-

---

1. The Advisory Committee Notes to Fed. R.App. P. 37 make it clear that recall and reformation of the mandate is appropriate to answer the question of postjudgment interest:

    Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question.

crue from August 2, 1995, the date of the district court's original judgment.

 Moreover, the monetary award upon which postjudgment interest should accrue is the entire award granted by the district court, including the forthcoming award of prejudgment interest. That is the dollar figure to which Plaintiffs justly became entitled on August 2, 1995, and failure to award Plaintiffs postjudgment interest on the prejudgment interest would wrongly decrease the present value of their monetary judgment. *See Northern Natural Gas,* 818 F.2d at 736–37 (approving award of postjudgment interest on accrued prejudgment interest).

Plaintiffs additionally filed a bill of costs pursuant to Fed. R.App. P. 39, seeking recovery of $1,455.64. Recovery of many of the itemized costs for which they seek to recover is not allowable under Rule 39. However, Plaintiffs' costs incurred in producing necessary copies of their second and fourth briefs on appeal, and their appendix, are allowable. The cost of eleven copies of their second brief (75 pages) at 7¢ per page totals $57.75, and the cost of eleven copies of their fourth brief (56 pages) at 7¢ per page totals $43.12. We also allow $388.00 for the cost of producing five copies of their appendix,[2] reaching a grand total of $488.87. Accordingly, we order costs of $488.87 to be taxed against Defendants Trinity Industries, Inc. and Mosher Steel Co.

---

2. This sum consists of five times the cost of 820 copies at 7¢ per copy, two oversize copies at 10¢ per copy, and 40 color copies at 50¢ per copy. (Although Plaintiffs list the actual cost of the color copies as 99¢ per copy, pursuant to 10th Cir. R. 39.1 the taxable cost of reproducing necessary copies will in no event exceed 50¢ per page, regardless of reproductive process.)