2004 ND 156

**Liliam GONZALEZ, Plaintiff
and Appellee**

v.

**Jessica TOUNJIAN, Defendant**

and

**Dolund Partnership, L.L.P., Defendant
and Appellant.**

**No. 20040015.**

Supreme Court of North Dakota.

Aug. 4, 2004.

Daniel J. Dunn (argued), Fargo, N.D.,
and Anthony J. Weiler (appeared), Maring

Williams Law Office, Bismarck, N.D., for plaintiff and appellee.

Corey J. Quinton (argued) and Paul R. Oppegard (on brief), Smith, Bakke, Oppegard, Porsborg & Wolf, Moorhead, MN, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Dolund Partnership, L.L.P. ("Dolund"), has appealed from a district court order denying its motion to vacate an amended judgment. We affirm, concluding the district court did not abuse its discretion in denying the motion.

I

[¶ 2] Liliam Gonzalez suffered serious injuries in a March 14, 1997, apartment fire in a building owned by Dolund. Gonzalez brought a personal injury action against Dolund and Jessica Tounjian, the tenant in the apartment where the fire started. Gonzalez settled her claims against Tounjian, and the case against Dolund was tried to a jury. The jury found Dolund 85 percent at fault and Tounjian 15 percent at fault for Gonzalez's injuries. The jury found that Gonzalez had sustained $285,000 in past economic damages and $1,500,000 in past noneconomic damages and that she would have $650,000 in future economic damages and $500,000 in future noneconomic damages. The jury also awarded prejudgment interest on her damages at the rate of 3.5 percent annually. The trial court reduced the amount of damages to account for Tounjian's percentage of fault, and added costs, disbursements, and interest, including interest on future damages. Judgment against Dolund in the amount of $2,983,099.94 was entered on April 29, 2002.

[¶ 3] Dolund appealed to this Court, contending the trial court applied an erroneous premises liability standard, erred in admission of expert testimony, erred in admission of evidence on future medical expenses, and erred in allowing prejudgment interest on past noneconomic damages and on all future damages. In *Gonzalez v. Tounjian*, 2003 ND 121, 665 N.W.2d 705, we concluded the trial court had not erred in its application of premises liability law or in admitting evidence, and the majority concluded the trial court had not erred in allowing interest on past noneconomic damages. We did, however, conclude that prejudgment interest on future damages was not allowable, and this Court affirmed in part, reversed in part, and remanded for entry of judgment without interest on future damages.

[¶ 4] On remand, the parties agreed that the correct amount of the judgment as of April 29, 2002, without prejudgment interest for future damages, was $2,808,293.40. The parties disputed, however, whether Gonzalez was entitled to post-judgment interest at the statutory rate of 12 percent from April 29, 2002, the date of the original judgment. *See* N.D.C.C. § 28–20–34. The trial court concluded Gonzalez was entitled to post-judgment interest from the date of the original judgment, and an amended judgment was entered on November 14, 2003, awarding Gonzalez $2,808,293.40 plus post-judgment interest from April 29, 2002.

[¶ 5] On November 28, 2003, Dolund moved under N.D.R.Civ.P. 60(b) to vacate the amended judgment. The trial court denied the motion, and Dolund appealed from the order denying the motion to vacate the judgment.

[¶ 6] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 7] Dolund argues the trial court abused its discretion in denying the motion to vacate the amended judgment because, as a matter of law, Gonzalez was entitled to post-judgment interest only from the date of the amended judgment, not from the date of the original judgment.

[¶ 8] A motion to vacate a judgment is governed by N.D.R.Civ.P. 60(b), which provides the trial court may provide relief from a final judgment for the following reasons:

> (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged, or a previous judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment.

[¶ 9] Except for cases challenging jurisdiction, the trial court has broad discretion in determining whether to grant or deny a motion to vacate under N.D.R.Civ.P. 60(b), and our review of the trial court's decision is extremely limited:

> A trial court's decision to deny relief under N.D.R.Civ.P. 60(b) will not be overturned on appeal absent an abuse of discretion. We do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established. An abuse of discretion occurs only when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and, accordingly, the rule should be invoked only when extraordinary circumstances are present.

*Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495 (citations omitted).

[¶ 10] We further explained the limited nature of our review in *In re I.K.*, 2003 ND 101, ¶ 10, 663 N.W.2d 197 (quoting *Production Credit Ass'n of Minot v. Dobrovolny*, 415 N.W.2d 489, 491–92 (N.D. 1987)):

> "An abuse of discretion by the trial court is never assumed and must be affirmatively established. *Dvorak v. Dvorak*, 329 N.W.2d 868, 870 (N.D. 1983); *Avco Financial Services v. Schroeder*, 318 N.W.2d 910, 912 (N.D. 1982). An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Dvorak*, 329 N.W.2d at 870; *Avco*, 318 N.W.2d at 912. A movant for relief under Rule 60(b) has a burden of establishing sufficient grounds for disturbing the finality of the judgment. *Avco, id.; Gajewski v. Bratcher*, 240 N.W.2d 871, 886 (N.D.1976). The moving party must also show more than that the lower court made a 'poor' decision, but that it positively abused the discretion it has in administering the rule. *Bender v. Liebelt*, 303 N.W.2d 316, 318 (N.D.1981). We will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion. [*State Bank of*

*Burleigh County Trust v.] Patten,* 357 N.W.2d [239] at 242 [ (N.D.1984) ]; *[State v.] Red Arrow [Towbar Sales Co.],* 298 N.W.2d [514] at 516 [ (N.D. 1980) ]."

### III

[¶ 11] Dolund contends the trial court misinterpreted N.D.R.App.P. 37, which governs interest on a judgment following an appeal. Rule 37 states:

(a) When the Court Affirms. Unless the law provides otherwise, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law is payable from the date the judgment was entered in the district court.

(b) When the Court Modifies or Reverses. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate may contain instructions about the allowance of interest.

[¶ 12] Rule 37 does not explicitly delineate the proper procedure when a judgment is affirmed in part and reversed in part, and we have not previously addressed this issue. Because N.D.R.App.P. 37 is derived from the corresponding federal rule, we consider federal courts' interpretations of Fed. R.App. P. 37 as highly persuasive when construing our rule. *State v. Norby,* 2002 ND 71, ¶ 4, 642 N.W.2d 924; *McKenzie County Soc. Serv. Bd. v. C.G.,* 2001 ND 151, ¶ 20, 633 N.W.2d 157. We also note that similar state and federal statutes mandate payment of interest upon judgments. *See* 28 U.S.C. § 1961(a); N.D.C.C. § 28–20–34.

[¶ 13] We agree with the rationale of the numerous federal decisions holding that when a lower-court judgment is affirmed in part but reversed or modified in part, interest on that portion of the judgment that is affirmed runs from the date of the original judgment. *See, e.g., Johansen v. Combustion Eng'g, Inc.,* 170 F.3d 1320, 1340 (11th Cir.1999); *Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 55 (2d Cir.1998); *Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.,* 103 F.3d 80, 81–82 (10th Cir.1996); *Stewart v. Donges,* 20 F.3d 380, 382 (10th Cir.1994); *Dunn v. HOVIC,* 13 F.3d 58, 61 (3d Cir.1993); *Loughman v. Consol–Pennsylvania Coal Co.,* 6 F.3d 88, 99–100 (3d Cir.1993); *Tinsley v. Sea–Land Corp.,* 979 F.2d 1382, 1383 (9th Cir.1992); *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 954 F.2d 1263, 1274–75 (6th Cir.1992) (on Order Clarifying Opinion); *Masinter v. Tenneco Oil Co.,* 929 F.2d 191, 195 (5th Cir.1991); *H.J. Inc. v. Flygt Corp.,* 925 F.2d 257, 261–62 (8th Cir.1991); *Cordero v. De Jesus–Mendez,* 922 F.2d 11, 17–18 (1st Cir.1990); *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 738 (8th Cir.1987). *Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 927 (3d Cir.1985); *Brooks v. United States,* 757 F.2d 734, 740–41 (5th Cir.1985); *Perkins v. Standard Oil Co. of California,* 487 F.2d 672, 675–76 (9th Cir. 1973).

[¶ 14] Numerous state courts have reached the same result. *See, e.g., Life Ins. Co. of Ga. v. Johnson,* 725 So.2d 934, 939–40 (Ala.1998); *Richards v. Kailua Auto Mach. Serv.,* 10 Haw.App. 613, 880 P.2d 1233, 1239–40 (1994); *Medical Mut. Liab. Ins. Soc'y of Md. v. Davis,* 365 Md. 477, 781 A.2d 781, 785–87 (2001); *Thomas O'Connor & Co. v. City of Medford,* 20 Mass.App.Ct. 761, 482 N.E.2d 877, 880 (1985); *Ulibarri v. Gee,* 107 N.M. 768, 764 P.2d 1326, 1327 (1988); *see also* L.R. James, Annotation, *Date From Which Interest on Judgment Starts Running, as Affected by Modification of Amount of Judgment on Appeal,* 4 A.L.R.3d 1221 (1965).

[¶ 15]   The rationale underlying this result has been aptly stated in the seminal opinion of the United States Court of Appeals for the Ninth Circuit in *Perkins*, 487 F.2d at 676 (citations omitted):

> Where a single item such as attorneys' fees is reduced on appeal, the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry.
>
> We alternatively hold that interest should run from the date of entry of the original judgment because that is the date on which the correct judgment should have been entered.
>
> In so ruling, we decline to hold that the cost of the loss of use of a money judgment pending appeal should be borne by an injured plaintiff rather than a defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay.

In *Dunn*, 13 F.3d at 61, the court noted: "We see no reason why [the plaintiff] should be disadvantaged in the calculation of interest because the jury overestimated his damages." Similarly, other courts have concluded that fairness dictates this result because allowing interest only from the date of the second judgment would penalize the plaintiff for the trial court's error. *See Cordero*, 922 F.2d at 18; *Richards*, 880 P.2d at 1240.

[¶ 16]   It would be grossly inequitable to deny Gonzalez seventeen months' worth of interest on a $3,000,000 judgment during the pendency of the appeal merely because the trial court erroneously allowed a relatively insignificant amount of prejudgment interest on future damages. Furthermore, Dolund had the power to suspend the accrual of interest while the appeal was pending by tendering the amount of the original judgment into court. *See Dick v. Dick*, 434 N.W.2d 557, 559 (N.D.1989).

[¶ 17]   We conclude that when a judgment is affirmed in part and reversed in part on appeal, post-judgment interest on the affirmed portion runs from the date of the original judgment.

IV

[¶ 18]   Dolund has failed to meet its burden under N.D.R.Civ.P. 60(b) to demonstrate sufficient grounds for disturbing the finality of the judgment. *See In re I.K.*, 2003 ND 101, ¶ 10, 663 N.W.2d 197. We conclude the trial court did not abuse its discretion in denying Dolund's motion to vacate the amended judgment.

[¶ 19]   The order denying the motion to vacate the amended judgment is affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, WILLIAM F. HODNY, S.J., and CAROL RONNING KAPSNER, JJ., concur.

[¶ 21] The Honorable WILLIAM F. HODNY, Surrogate Judge, sitting in place of MARING, J., disqualified.