2006 ND 67

**Anita MANNING, n/k/a Anita Marchant, Plaintiff and Appellee**

v.

**Phillip C. MANNING, Defendant and Appellant.**

**No. 20050065.**

Supreme Court of North Dakota.

March 29, 2006.

Anita L. Marchant (submitted on brief), West Fargo, ND.

Phillip C. Manning (submitted on brief), Crystal, ND.

SANDSTROM, Justice.

[¶ 1]  Phillip Manning appealed from a judgment granting custody of his two children to his former wife, Anita Marchant; from an order denying his motion for a stay and a new trial; and from an order

denying his motion for relief from the judgment. We dismiss the appeals from the judgment and from the order denying the motion for a new trial and a stay because those appeals were not timely filed. We conclude the district court did not abuse its discretion in denying Manning's motion for relief from the judgment and, therefore, we affirm that order.

I

[¶ 2]   The parties were married in 1989, in Ohio, when Marchant was 19 years old and Manning was 34 years old. The parties lived in various states during the early part of the marriage until their daughter was born in 1996. In 1997, they moved to North Dakota and Marchant enrolled at the University of North Dakota and obtained part-time employment. Their son was born in 1998. Manning was primarily unemployed and cared for the children while Marchant attended classes. In 2000, Marchant enrolled at the University of North Dakota School of Law, Manning cared for the children while Marchant attended classes, and Marchant cared for the children when she did not attend classes.

[¶ 3]   The parties' relationship eventually deteriorated and Marchant filed for divorce in October 2001. Before the divorce action began, Manning wrote to Marchant that he would not agree to a divorce and threatened that a divorce would come with "a price that I know you don't want to pay." Manning later told Marchant he wanted to "destroy" her. A divorce judgment was entered in May 2002, in accordance with a stipulated agreement giving Marchant sole physical custody of their son and Manning sole physical custody of their daughter, and establishing a visitation schedule that would allow the children to spend time together during the weekends.

[¶ 4]   The parties' cooperation over visitation crumbled rapidly after the divorce became final. Manning reported to Grand Forks County Social Services that his son may have been struck by Marchant's boyfriend. The ensuing investigation, however, revealed Manning told the child to say he had been slapped and Manning had been degrading Marchant in front of the children. Investigators found the report of abuse may not have been filed in good faith. In August 2002, Manning again claimed Marchant had abused the children and refused to return the son to Marchant at the conclusion of a weekend visitation. Following a hearing, the court ordered the son to be returned to Marchant and admonished the parties to comply with the terms of the divorce judgment. In November 2002, Manning again refused to return the son from visitation because he claimed the child was being abused in Marchant's home. Following an evidentiary hearing, the court ordered Manning to return the child to Marchant.

[¶ 5]   Marchant subsequently moved to modify the parenting schedule in the divorce judgment and Manning moved for sole custody of the two children. Marchant responded by also filing a motion seeking sole custody of the children. Manning subsequently filed a petition for writ of supervision or stay of proceedings which was denied by this Court and launched a recall effort against the district court judge handling the case. The district court judge recused herself and another judge was assigned to the case.

[¶ 6]   Following a hearing on the motions in March 2004, the district court, on May 20, 2004, amended the original divorce judgment and granted sole custody of both children to Marchant and set forth a visitation schedule for Manning. The court found Manning had not proven his

various allegations against Marchant and her boyfriend. The court said:

[Manning] has done what he threatened to do. He engaged in a course of litigation that can best be described as a "scorched earth" approach and one by which he intended to win at all costs. To that end, he corresponded with University of North Dakota officials alleging academic fraud, corresponded with various prosecutors seeking criminal charges against [Marchant], involved himself in [Marchant's] law licensure process, and brought a separate lawsuit against [Marchant] and others whom he perceived had acted in ways adverse to his own interests.

[¶ 7] The court expressed "concern . . . whether [Manning] can overcome his anger and bitterness about the divorce," whether he could "overcome his urge to exact revenge on [Marchant]," and whether "his future actions [will] be consistent with the best [interest] of his children." The court also expressed concern over Marchant's "ability to act in the best interest of the children." The court found that "[w]hile both parties love their children and are capable of appropriate parenting, there has been a substantial change of circumstances since entry of Judgment . . . which requires a change of custody in order to serve the best interests of the children," because "[Manning's] actions have poisoned the relationship between [Marchant] and the children and it is necessary to modify the custodial arrangements in order to mitigate that damage and to protect the children's emotional health."

[¶ 8] On June 8, 2004, Manning moved for a new trial and a stay. On June 10, 2004, Marchant moved to enforce the amended judgment, claiming Manning had refused to deliver their daughter to her. On June 18, 2004, the district court ordered Manning to comply with the amended judgment and on August 30, 2004, the court issued an order suspending his visitation because he had gone to Canada with the children in violation of the court's order. On September 24, 2004, the Regional Child Support Enforcement Unit moved to amend the May 20, 2004, amended judgment to set Manning's child support obligation. Manning did not file a response. On October 11, 2004, the district court entered an order denying Manning's motion for a new trial and a stay in the proceedings leading to entry of the amended judgment granting custody of the children to Marchant. A second amended judgment was entered on October 15, 2004, which added child support provisions to the amended judgment. Manning filed a notice of appeal on February 22, 2005, indicating he is appealing from the second amended judgment and from the order denying the motion for a new trial and a stay. On May 6, 2005, this Court remanded the case for the filing and disposition of Manning's N.D.R.Civ.P. 60(b) motion for relief from the May 20, 2004, amended judgment. The district court denied the Rule 60(b) motion in an order entered on August 4, 2005. Manning appealed from that order on August 15, 2005.

## II

[¶ 9] Manning has appealed from "the Judgment entered against . . . Manning . . . on the 19th day of October, 2004," "the Order denying the motion for stay and new trial entered . . . on October 11, 2004," and from the district court's August 4, 2005, denial of his N.D.R.Civ.P. 60(b) motion for relief from the May 20, 2004, amended judgment granting Marchant custody of the parties' two children.

[¶ 10] Before we can consider the merits of an appeal, we must have jurisdiction. *Dietz v. Kautzman*, 2004 ND 164, ¶ 6, 686 N.W.2d 110. The right to

appeal is a jurisdictional matter which this Court will consider on its own, and even if the parties do not question appealability, we must dismiss on our own motion if we conclude that we do not have jurisdiction. *In re A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75.

■■ [¶ 11] Manning's February 22, 2005, appeal from the second amended judgment entered in October 2004 was filed well beyond the 60–day time limit provided under N.D.R.App.P. 4(a)(1). The 60–day period for filing a notice of appeal begins to run upon "service of notice of entry of the judgment or order being appealed." *Id.* The record reflects that notice of entry of the second amended judgment was filed October 19, 2004, indicating it was mailed to Manning on October 18, 2004, more than four months before the notice of appeal was filed.

■■ [¶ 12] We also conclude Manning failed to timely appeal from the order denying his motion for a new trial and a stay. The record shows notice of entry of the order denying the motion for new trial and stay was served by mail on December 21, 2004, 63 days before Manning's February 22, 2005, notice of appeal was filed. Although the appeal would be timely if the three-day extension for service by mail under N.D.R.App.P. 26(c) was applied, Manning's attorney served notice of entry of the order on Marchant and her attorney. In *LaRocque v. LaRocque*, 1998 ND 143, ¶ 5, 582 N.W.2d 645, this Court held the three-day extension for filing a notice of appeal does not apply when the extension is sought to be used by the party who served notice of entry of the judgment or order. Furthermore, although under N.D.R.Civ.P. 77(d), the prevailing party must serve a notice of entry of the judgment, and Manning was not the prevailing party, actual notice of entry of judgment starts the running of the time for appeal.

*See Hilgers v. Hilgers*, 2004 ND 95, ¶ 14, 679 N.W.2d 447. The record shows Manning's attorney had actual notice of the order at least by December 21, 2004, and February 22, 2005, is more than 60 days after that date. We therefore dismiss the appeals from the second amended judgment and from the order denying Manning's motion for a new trial and a stay.

[¶ 13] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Manning's appeal from the order denying his N.D.R.Civ.P. 60(b) motion for relief from the judgment is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

### III

[¶ 14] Manning argues the district court erred in denying his N.D.R.Civ.P. 60(b) motion for relief from the judgment.

[¶ 15] In *Gonzalez v. Tounjian*, 2004 ND 156, ¶ 9, 684 N.W.2d 653 (quoting *Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495 (citations omitted)), we summarized the standard of review in appeals from decisions denying a motion for relief from judgment:

A trial court's decision to deny relief under N.D.R.Civ.P. 60(b) will not be overturned on appeal absent an abuse of discretion. We do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established. An abuse of discretion occurs only when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process

leading to a reasoned determination. Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and, accordingly, the rule should be invoked only when extraordinary circumstances are present.

### A

[¶ 16] Manning argues the district court erred in failing to find Marchant and her boyfriend committed domestic violence sufficient to raise a presumption under N.D.C.C. § 14–09–06.2(1)(j) against granting custody of the children to her.

[¶ 17] There was conflicting evidence presented at the hearing on the motions for change of custody whether Marchant or her boyfriend had abused the children. Marchant was investigated by social services agencies on several occasions, but the agencies found no grounds to take action against her. The district court found that "[n]either of the children were physically abused" by Marchant or her boyfriend and that Manning's other allegations of inappropriate behavior "were not proven and were either untrue or greatly exaggerated." The district court simply did not believe Manning's allegations of abuse. The district court is the determiner of credibility issues in a bench trial and we do not second guess the district court on its credibility determinations. *Gonzalez v. Gonzalez*, 2005 ND 131, ¶ 10, 700 N.W.2d 711.

[¶ 18] We conclude the district court did not abuse its discretion in denying the motion for relief from the judgment on this ground.

### B

[¶ 19] Manning argues the district court erred in allowing an attorney to serve as both a guardian ad litem and custody investigator during the proceedings.

[¶ 20] "A guardian ad litem is not to act as a custody investigator by preparing a custody investigation report or giving testimony." N.D.R.Ct. 8.7, Explanatory Note; *see also Paulson v. Paulson*, 2005 ND 72, ¶ 5, 694 N.W.2d 681. Here, the district court relieved the attorney of his duties as a custody investigator in October 2003, but allowed him to continue serving as the guardian ad litem. The guardian ad litem did not offer testimony or file a formal report. Although the district court requested a custody recommendation from the guardian ad litem during the proceedings, and one was given, a guardian ad litem, as an advocate for the children, may give a custody recommendation. *See Foster v. Foster*, 2004 ND 226, ¶ 18, 690 N.W.2d 197.

[¶ 21] The district court did not abuse its discretion in denying relief on this ground.

### C

[¶ 22] Manning argues the district court judge violated N.D.Code Jud. Conduct Canon 3B(7) by conducting an independent investigation into his criminal background.

[¶ 23] During the proceedings on the motions to change custody, there was testimony concerning a warrant for Manning's arrest, and the judge questioned Manning about it. Manning claims the judge questioned him about the warrant "using a police report obtained during in chamber, extrajudicial, ex parte communications." The district court in the N.D.R.Civ.P. 60(b) proceedings rejected Manning's argument:

Despite Mr. Manning's assertion, Judge Foughty did not "assume the role

of prosecutor" when he questioned him about the outstanding warrant. The issue was raised through the testimony of the plaintiff, and the court questioned the defendant about it at trial. There is no evidence that the judge directed law enforcement to take action on the warrant or otherwise acted adversely to the defendant in this regard. This issue was previously raised and argued in the defendant's motion for new trial and stay of execution, filed June 8, 2004. It was rejected by the court in its Order denying motion for stay and New Trial of October 11, 2004. Based on its review of this case, this court also rejects this argument [and] finds that Judge Foughty's actions did not violate the defendant's right of due process.

[¶ 24] We agree with the district court and conclude this argument does not entitle Manning to relief from the judgment.

### D

[¶ 25] Manning argues the district court erred in failing to find that Marchant destroyed computer evidence relevant to the change of custody proceedings.

▇▇▇ [¶ 26] The district court considered the opposing affidavits of two computer experts on the spoliation issue and found insufficient evidence that there was a deliberate attempt to destroy evidence. A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous. *L.C.V. v. D.E.G.*, 2005 ND 180, ¶ 9, 705 N.W.2d 257. We conclude the court did not abuse its discretion in refusing to provide relief from the judgment on this ground.

### E

▇▇▇ [¶ 27] Manning argues the district court misapplied the law governing modification of custody.

▇▇▇ [¶ 28] Because a court in a Rule 60(b) proceeding does not determine whether the court was substantively correct in entering the judgment from which relief is sought, *Tounjian*, 2004 ND 156, ¶ 9, 684 N.W.2d 653, this argument does not provide a ground for Rule 60(b) relief. In any event, child custody may be modified if the district court finds there has been a significant change in circumstances and the significant change compels, in the child's best interests, a change in custody. *Kelly v. Kelly*, 2002 ND 37, ¶ 44, 640 N.W.2d 38. Here, the district court specifically found "there has been a substantial change of circumstances ... which requires a change of custody." The district court did not misapply the law.

### F

▇▇▇ [¶ 29] Manning argues the district court violated his due process rights by limiting the length of the evidentiary hearing on the motions for change of custody.

▇▇▇ [¶ 30] A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice. *Gullickson v. Kline*, 2004 ND 76, ¶ 15, 678 N.W.2d 138. A court may impose reasonable restrictions on the length of a hearing and the number of witnesses allowed. *Id.* at ¶ 16. Manning was given one and one-half days to present his case while Marchant was given one day to present her case. Manning has not established that he was not given a meaningful and reasonable opportunity to present evidence on the relevant issues.

### G

[¶ 31] Manning argues the district court erred in failing to find that Grand

Forks County Social Services and Pembina County Social Services were biased against him and committed fraud upon the court. This argument is without merit.

[¶32] We conclude the district court did not abuse its discretion in denying Manning's motion for relief from the judgment.

IV

[¶33] We dismiss Manning's appeals from the judgment and from the order denying his motion for a new trial and a stay. We affirm the order denying Manning's motion for relief from the judgment.

[¶34] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.