2006 ND 125

STATE of North Dakota, Plaintiff
and Appellee

v.

Phillip Charles MANNING, Defendant
and Appellant.

No. 20050327.

Supreme Court of North Dakota.

June 5, 2006.

Barbara L. Whelan, Special Assistant State's Attorney, Crystal, ND, for plaintiff and appellee; submitted on brief.

William R. Hartl, Rugby, ND, for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Phillip Charles Manning appeals from the district court's criminal judgment entered after he conditionally pled guilty to disobedience of a judicial order. He argues the district court abused its discretion when it excluded evidence he wished to present in support of his necessity defense. Concluding the district court did not abuse its discretion, we affirm.

I

[¶ 2] Manning was divorced from his wife in May 2002. *Manning v. Manning,* 2006 ND 67, ¶ 3, 711 N.W.2d 149. The parties were granted split physical custody of their two children. *Id.* The split custody arrangement quickly deteriorated, and

both parties moved for change of custody, each seeking sole custody of the children. *Id.* at ¶¶ 4–5. In May 2004, the district court amended the divorce judgment, granting the mother sole physical custody of both children and arranging a visitation schedule for Manning. *Id.* at ¶ 6. While exercising visitation in August 2004, Manning took the children to Canada without permission. *Id.* at ¶ 8. Manning was charged with removing a child from the state in violation of a custody decree.

[¶ 3] In March 2005, Manning moved the court to allow a justification or excuse defense, wishing to allege the defense of necessity. Also in March, the State moved to exclude a large share of Manning's proposed trial evidence. The State argued that evidence of past child abuse allegedly committed by the mother prior to March 30, 2004, was irrelevant. Manning opposed the motion, requesting all the evidence of alleged past abuse be allowed.

[¶ 4] The district court concluded that although the defense of necessity was not specifically recognized in North Dakota, it would allow the defense for this case. The district court excluded, however, any evidence alleging child abuse on or before March 30, 2004, the last day evidence was heard in the parties' custody dispute. The court held the evidence prior to that date was irrelevant for the criminal offense that allegedly took place in August 2004. According to the terms of a plea agreement, the State amended its complaint, recharging Manning with disobedience of a judicial order. Manning conditionally pled guilty and appealed.

[¶ 5] On appeal, Manning argues the district court abused its discretion when it excluded his evidence of child abuse occurring before March 30, 2004, because it was relevant to his necessity defense. The State argues the evidence is irrelevant and the district court properly excluded it.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b), and this Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 29–28–06.

## II

[¶ 7] " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.D.R.Ev. 401. All relevant evidence is admissible. N.D.R.Ev. 402. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.D.R.Ev. 403. A trial court is granted broad discretion when deciding whether evidence is relevant, and this Court will not reverse unless that court abused its discretion. *State v. Miller*, 2001 ND 132, ¶ 6, 631 N.W.2d 587. "A trial court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law." *State v. Ramsey*, 2005 ND 42, ¶ 8, 692 N.W.2d 498.

[¶ 8] Although the "broad notion of necessity . . . has not yet been recognized by this court," *State v. Sahr*, 470 N.W.2d 185, 188 (N.D.1991), the district court held that the defendant was entitled to present evidence relevant to the defense and could have the jury instructed on the defense if he could present sufficient evidence. Manning proffered 186 exhibits in support of his necessity defense. Much of this evidence predates March 30, 2004, the last day evidence was heard on the parents' change of custody motions. The district

court held that it would allow evidence dated after March 30, 2004, upon proper foundation. It excluded, however, any evidence from before March 30, because it had already been considered in the child custody case and would only serve to confuse the issues and mislead the jury.

[¶ 9] The district court considered evidence of alleged abuse predating March 30, 2004, in the custody case. That court found the mother had not abused the children and granted her custody of the children. *Manning*, 2006 ND 67, ¶¶ 6, 17, 711 N.W.2d 149. The district court in this criminal case admitted the amended divorce judgment as evidence but not the order in which the court considering the custody motions found no abuse had occurred. Manning may not have agreed with the custody court's order and judgment, but he could not disobey its order and judgment because he believed the order and judgment were erroneous. *See State v. Heath*, 177 N.W.2d 751, 755 (N.D. 1970) ("If every defendant were held to have the right to disobey any court order which is not to his liking, orderly legal procedure would cease to exist and chaos would result."); *see also* 17 Am.Jur.2d *Contempt* § 147 (1990) ("An alleged contemnor who feels that an order is erroneous has an adequate remedy to have it reviewed by way of appeal, and absent a stay, is required to comply promptly with the order pending appeal."). Admitting both the exhibits, which Manning claims support his allegation of child abuse, and the amended judgment, which granted custody to the person Manning claims abused the children, would have presented the issue why the mother would be allowed to have custody of the children with evidence of prior abuse, an issue not relevant to the criminal case. Therefore, the evidence would have misled and confused the jury. The exhibits the court allowed contained more recent allegations of abuse occurring after March 30, 2004, and prior to Manning's taking the children to Canada. These exhibits struck at the heart of the issue: was Manning justified or excused in taking his children to Canada rather than returning the children to their mother because it was the lesser of two evils.

[¶ 10] Although the district court excluded much of the evidence that allegedly supported Manning's necessity defense, the court also allowed information that would have potentially supported the defense. The court weighed the competing interests and came to a solution that kept the exhibits timely and relevant and still allowed Manning to present his defense. The district court did not act arbitrarily, unreasonably, or capriciously. Also, the court did not misapply or misinterpret the law. Therefore, the district court did not abuse its discretion. Because resolving the issue of whether necessity is a valid defense in North Dakota is not necessary, we make no holding or conclusion on the issue. *See Wanner v. N.D. Workers Comp. Bureau*, 2002 ND 201, ¶ 31, 654 N.W.2d 760 (this Court need not reach issues not necessary to its disposition of a case).

### III

[¶ 11] The district court's criminal judgment is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER, JJ., and JAMES M. BEKKEN, District Judge, concur.

[¶ 13] The Honorable JAMES M. BEKKEN, District Judge, sitting in place of MARING, J., disqualified.