2017 ND 50

**Brandon and Constance JALBERT, Plaintiffs and Appellees**

v.

**EAGLE RIGID SPANS, INC., Defendant and Appellant**

**No. 20160173**

Supreme Court of North Dakota.

Filed 3/7/2017

Christina M. Wenko, 38 Second Ave. E., Dickinson, ND 58601, for plaintiffs and appellees.

John E. Ward (argued) and Patrick J. Ward (on brief), 316 N. Fifth St., P.O. Box 1695, Bismarck, ND 58502–1696; Kraig A. Wilson (on brief) and Sean F. Marrin (on brief), 4000 Garden View Dr., Ste. 100, P.O. Box 14519, Grand Forks, ND 58208–4519, for defendant and appellant.

Crothers, Justice.

[¶ 1] Eagle Rigid Spans, Inc., ("ERS") appeals an order denying its motion for new trial and an amended judgment entered after a jury found in favor of Brandon and Constance Jalbert and awarding them $650,000 plus interest, and costs and disbursements. ERS also appeals from the district court's order overruling its objections to costs and disbursements. ERS argues irregularities in the proceeding of the jury trial prevented them from having a fair trial, the jury awarded excessive damages because of the influence of passion or prejudice, sufficient evidence did not exist to justify the verdict and the trial court erred in failing to reduce the Jalbert's expert witness fees. We affirm.

I

[¶ 2] ERS contracted to build a multi-purpose building for the Jalberts. The agreement stated a contract price of $374,879. During and after the construction of the building the Jalberts discovered problems with the structure. The Jalberts brought suit alleging breach of contract and breach of warranty.

[¶ 3] An initial trial resulted in a mistrial following a health complication suffered by ERS's counsel. A second trial was held for two days. At trial Mrs. Jalbert testified she paid ERS $344,116.58 for the structure and paid $599,914.41 in total for the building. The total cost included payments to a plumbing company for $8,220, an electric door company for $14,842.25, an electric company for $87,806.20, a concrete company for $102,529.38 and $42,200 for in-floor electric heat. The jury heard testimony from the Jalbert's expert indicating the building was not structurally sound under the International Building Code. The jury heard further testimony from a general contractor stating the building had structural deficiencies. The general contractor testified demolition of the building could cost between $48,000 and $80,000.

[¶ 4] The jury returned a verdict in favor of the Jalberts awarding them $650,000, plus interest and costs and disbursements for a total of $877,407.78. ERS objected to the costs and disbursements, arguing the Jalbert's expert witness fees were unreasonable. The district court entered an amended judgment reducing the total costs and disbursements award from $125,045.48 to $123,519.23. ERS filed a

motion for a new trial. The district court denied their motion. ERS appeals.

## II

[¶ 5] ERS argues the district court abused its discretion by denying a new trial because the district court erred in determining: (1) irregularities in the jury trial did not prevent it from having a fair trial; (2) the jury did not award excessive damages under the influence of passion or prejudice; and (3) sufficient evidence justified the verdict.

[¶ 6] Rule 59(b)(1), (5) and (6), N.D.R.Civ.P., provide:

"The court may, on motion of an aggrieved party, vacate the former verdict or decision and grant a new trial on any of the following grounds materially affecting the substantial rights of the party:

(1) irregularity in the proceedings of the court, jury, or adverse party, or any court order or abuse of discretion that prevented a party from having a fair trial;

(5) excessive damages appearing to have been awarded under the influence of passion or prejudice, but when a new trial is requested on this ground and it appears that the passion or prejudice affected only the amount of damages awarded and did not influence the jury's findings on other issues in the case, the district court, on hearing the motion, and the supreme court, on appeal, may order a reduction of the verdict instead of a new trial or order that a new trial be had unless the prevailing party remits the excess damages;

(6) insufficient evidence to justify the verdict or other decision, or that the verdict is against the law[.]"

[¶ 7] When reviewing a district court's decision to grant or deny a new trial, "[t]he decision to grant or deny a new trial rests entirely within the discretion of the trial court." Bjorneby v. Nodak Mut. Ins. Co., 2016 ND 142, ¶ 13, 882 N.W.2d 232 (quoting Wilson v. General Motors Corp., 311 N.W.2d 10, 14 (N.D. 1981)). "Our standard of review on appeal from a denial of a motion for a new trial is limited to a determination of whether or not the trial court manifestly abused its discretion." Id.

### A.

[¶ 8] ERS asserts irregularities prevented it from having a fair trial. ERS claims the district court abused its discretion by scheduling the trial for two days instead of three and refusing to properly allocate enough time for each party to present its case. ERS further contends the trial court abused its discretion by cancelling a scheduled site visit.

### 1.

[¶ 9] ERS contends the district court abused its discretion by scheduling the trial for two days instead of three. "A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice." Manning v. Manning, 2006 ND 67, ¶ 30, 711 N.W.2d 149. "In exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed." Hartleib v. Simes, 2009 ND 205, ¶ 15, 776 N.W.2d 217. A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process or if it misinterprets or misapplies the laws. Id.

[¶ 10] In <u>Wahl v. Northern Imp. Co.</u>, a party argued the district court abused its discretion by scheduling trial for four days instead of five. 2011 ND 146, ¶ 6, 800 N.W.2d 700. The party never objected to the scheduling but at a pre-trial conference they expressed concern four days would not be enough time to properly present its case. <u>Id.</u> at ¶ 7–8. This Court held the district court did not abuse its discretion because the parties knew the scheduled number of days and had "ample time to plan their presentation of evidence accordingly." <u>Id.</u> at ¶ 8.

[¶ 11] In the present case ERS, like the party in <u>Wahl</u>, did not object to the scheduling until expressing its concern at a pretrial conference indicating two days would be insufficient. The parties were put on notice ten months before the trial that it was scheduled for a two day trial. At the pre-trial conference counsel for ERS explained it erroneously believed the trial was scheduled for three days, but admits the prior scheduling orders reflect a two day trial. The district court did not abuse its discretion in scheduling the trial for two days instead of three.

2.

[¶ 12] ERS contends it was not given as much time as the Jalberts to present its case.

"The district court has broad discretion over the presentation of evidence and the conduct of a trial or hearing. <u>E.g.</u>, <u>Niemann v. Niemann</u>, 2008 ND 54, ¶ 19, 746 N.W.2d 3; <u>Burns v. Burns</u>, 2007 ND 134, ¶ 7, 737 N.W.2d 243; <u>Manning v. Manning</u>, 2006 ND 67, ¶ 30, 711 N.W.2d 149; <u>Gullickson [v. Kline]</u>, 2004 ND 76, ¶ 15, 678 N.W.2d 138. In exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed. <u>Manning</u>, at ¶ 30;

<u>Thompson v. Olson</u>, 2006 ND 54, ¶ 6, 711 N.W.2d 226."

<u>Hartleib</u>, 2009 ND 205, ¶ 15, 776 N.W.2d 217.

[¶ 13] ERS asserts the time allocation between the parties left it with insufficient time to adequately present its case. ERS contends it had to make several tactical decisions regarding the time constraints and its direct-examination of expert witnesses was rushed. However, ERS does not explain what additional testimony would have been added to the case or whether it would have called additional witnesses. Further, ERS did not make an offer of proof of the specific testimony excluded because of time constraints. Without a sufficient offer of proof this Court is unable to review whether a failure to allow presentation of evidence was prejudicial. <u>Thompson v. Olson</u>, 2006 ND 54, ¶ 7, 711 N.W.2d 226. Based on the record, the district court did not abuse its discretion in allocating time during trial.

3.

[¶ 14] ERS claims it was prejudiced by the district court's decision to cancel the jury's site visit to the building. Under N.D.C.C. § 28–14–15, the district court has discretion in allowing jurors to view the premises. ERS contends the site visit was crucial to its case because of the competing expert witnesses' opinions and the complex evidence regarding damages. ERS claims it was denied a fair opportunity to present its case because the district court cancelled the site visit in an attempt to limit the trial to two days.

[¶ 15] A site visit of the building was scheduled for the original trial. Before the pre-trial hearing for the rescheduled trial, the district court sent a letter to the parties cancelling the site inspection because it would take too much time, considering the schedule of the trial. The district court

noted it did not realize it was a 45–minute one-way trip to the site at the time of the original trial. The district court invited the parties to make a motion if they wished to have the site inspection. At the pre-trial hearing the district court acknowledged it would not have originally granted the site inspection had it known it was a 45–minute one-way trip to the site. At the hearing on the new trial motion the district court stated the travel to the site was too long and there was not extra time to make the drive while testimony for experts and lay persons needed to be presented. Because the decision to have the jury view the building is within the discretion of the court and the court articulated a reasonable reason for its decision, the district court did not abuse its discretion in cancelling the site visit.

### B.

[¶ 16] ERS contends the jury awarded excessive damages under the influence of passion or prejudice. Under N.D.R.Civ.P. 59(b)(5), "excessive damages appearing to have been awarded under the influence of passion or prejudice" are grounds for a new trial. "In determining on appeal whether [a] verdict was motivated by passion or prejudice, 'passion' means moved by feelings or emotions, or may include sympathy as moving influence without conscious violation of duty, 'prejudice' includes forming an opinion without due knowledge or examination." Stoner v. Nash Finch, Inc., 446 N.W.2d 747, 754 (N.D.1989) (internal citations omitted). "A trial court's decision to grant or deny a new trial for an excessive damage verdict is discretionary and will not be overturned unless an abuse of discretion has been demonstrated." Blessum v. Shelver, 1997 ND 152, ¶ 37, 567 N.W.2d 844. "It is presumed that a damage verdict is proper, and this presumption is overcome only when the jury's verdict is so excessive that it shocks the conscience of the court." Id.

[¶ 17] ERS asserts Mrs. Jalbert's testimony that she paid approximately $600,000 to complete the building confused the jury because the original contract price with ERS was $374,879. ERS claims the verdict improperly includes work done by contractors having no association to ERS. The Jalberts argue the jury instructions specifically allow damages greater than the contract price.

[¶ 18] "Under N.D.C.C. § 32–03–09, the measure of damages for breach of contract 'is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby.'" C & C Plumbing and Heating, LLP v. Williams County, 2014 ND 128, ¶ 25, 848 N.W.2d 709. "Our law ... incorporates the notion that contract damages should give the non-breaching party the benefit of the bargain by awarding a sum of money that will put that person in as good a position as if the contract had been performed." Wachter v. Gratech Co., Ltd., 2000 ND 62, ¶ 27, 608 N.W.2d 279 (quoting Leingang v. City of Mandan Weed Bd., 468 N.W.2d 397, 398 (N.D.1991)).

[¶ 19] Here, the jury heard testimony regarding the total cost of the building, the structural deficiencies of the building and the potential costs for demolition of the building. The jury also was instructed that potential damages are not limited to the contract price. We conclude the verdict is not excessive.

[¶ 20] ERS further contends the claimed excessive verdict was inflated by the jury's sympathy to the Jalberts because of the Jalbert's counsel's references in closing statement to insurance fraud allegations. The Jalberts argue this issue regarding their counsel's closing statements is not preserved because ERS did

not object to it. The record reflects the Jalbert's counsel made these statements without objection. Because ERS did not object to the allegedly prejudicial statements made during closing statements, ERS waived its argument that the statements improperly influenced the jury. See Krueger v. Grand Forks County, 2014 ND 170, ¶¶ 40–42, 852 N.W.2d 354. (Failure to object to allegedly prejudicial statements made during closing argument waived argument that statements were improper). The district court did not abuse its discretion in denying the motion for a new trial based on excessive damages influenced by prejudice or passion.

### C.

[¶ 21] ERS argues the verdict is not supported by sufficient evidence. ERS contends no evidence was presented regarding the difference between the value of the building had it been built according to the contract and the actual value of the constructed building.

[¶ 22] This Court has stated:

"A motion for a new trial under N.D.R.Civ.P. 59(b)(6) based on a claim of insufficient evidence is addressed to the sound discretion of the district court. A district court's discretionary authority to decide a motion for a new trial is different from this Court's authority on review, which is limited to whether the district court abused its discretion."

Travelers Cas. Ins. Co. of America v. Williams Co. Const., Inc., 2014 ND 160, ¶ 22, 851 N.W.2d 164 (quoting Gisvold v. Windbreak, Inc., 2007 ND 54, ¶ 5, 730 N.W.2d 597).

"[A] district court considering a motion for a new trial based on insufficiency of the evidence may not substitute its own judgment for that of the jury, or act as a thirteenth juror when the evidence is such that different persons would naturally and fairly come to different conclusions, but may set aside a jury verdict when, in considering and weighing all the evidence, the court's judgment tells it the verdict is wrong because it is manifestly against the weight of the evidence."

Gisvold, 2007 ND 54, ¶ 11, 730 N.W.2d 597. "The determination of the amount of damages is largely within the jury's discretion. We will sustain an award of damages when it is within the range of evidence presented." Westby v. Schmidt, 2010 ND 44, ¶ 18, 779 N.W.2d 681 (internal citations omitted).

[¶ 23] As argued by ERS, the jury heard the itemization of the total cost of the building but did not hear any testimony regarding the building's actual value. ERS contends the jury disregarded the specific instructions on damages and could not calculate damages in light of no testimony as to the actual value of the building. In determining damages the jury was instructed:

"If the defects in plaintiffs' building cannot be remedied or repaired without reconstruction of a substantial portion of the building, the measure of damage is the difference in value between what the value of the building would have been if it was built according to the contract and what is its actual value."

[¶ 24] Considering the law and the record, the verdict is not manifestly against the weight of the evidence. This Court assumes a jury follows the instructions provided by the trial court. See Moen v. Thomas, 2004 ND 132, ¶ 18, 682 N.W.2d 738. ("[A] jury is presumed to follow instructions provided by the court."). The evidence supports the Jalberts paid approximately $600,000 to construct the building. The jury heard testimony from an expert indicating the building was

structurally deficient under the code. The jury heard testimony from a general contractor indicating the tear down of the building, while trying to salvage the foundation and the floor, could cost between $48,000 and $80,000.

[¶ 25] The jury's award of damages is within the range of evidence and thus sufficient evidence exists supporting the jury's verdict. The district court did not abuse its discretion in denying the motion for a new trial based on insufficient evidence.

### III

[¶ 26] ERS contends the district court erred in failing to reduce Jalbert's expert witness fees. Following the jury's verdict and judgment entered by the district court, ERS objected to the award of Jalbert's costs and disbursements, arguing Jalbert's expert witness fees were unreasonable. After a hearing on the matter the district court entered an amended judgment reducing the costs from $125,045.48 to $123,519.23. ERS then filed a motion for new trial, arguing irregularities in the proceedings of the jury trial prevented them from having a fair trial, excessive damages were awarded under the influence of passion or prejudice and evidence was insufficient to justify the jury's verdict. ERS did not raise the expert witness fee argument in its motion for new trial.

[¶ 27] "It is well settled that where a motion for a new trial is made in the lower court the party making such a motion is limited on appeal to a review of the grounds presented to the trial court." Andrews v. O'Hearn, 387 N.W.2d 716, 728 (N.D.1986) (quoting Zimbelman v. Lah, 61 N.D. 65, 67, 237 N.W. 207, 208 (1931)). Because ERS's motion for new trial did not raise the expert witness fee argument, appellate review of this issue has been waived.

### IV

[¶ 28] We affirm the district court's order denying ERS's motion for a new trial, the amended judgment and the order overruling ERS's objections to costs and disbursements.

[¶29] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom, S.J.

Gerald W. VandeWalle, C.J.

[¶ 30] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.