**FIREMAN'S FUND MORTGAGE COR-PORATION, f/k/a Manufacturers Hanover Mortgage Corporation, Plaintiff and Appellee,**

v.

**Curtis C. SMITH and Barbara A. Smith, Defendants and Appellants.**

**Civ. No. 870081.**

Supreme Court of North Dakota.

Feb. 20, 1989.

Kent A. Higgins, Bismarck, for defendants and appellants.

Howe, Hardy, Galloway & Maus, PC, Dickinson, for plaintiff and appellee; argued by Gerald D. Galloway.

GIERKE, Justice.

The defendants, Curtis C. Smith and Barbara A. Smith (Smiths), appeal from a county court judgment entered in favor of the plaintiff, Fireman's Fund Mortgage Corporation (Fireman's Fund). We affirm.

The facts involved in this appeal are not in dispute. This is an eviction action as provided for under Chapter 33–06 of the North Dakota Century Code. On January 29, 1987, the summons and complaint in this eviction action were served on the Smiths. A hearing was scheduled for February 17, 1987. At the hearing, the Smiths filed an answer to the complaint alleging that the eviction action was illegal and improper under Section 33–06–02 of the North Dakota Century Code because the time specified for their appearance was more than fifteen days from the date of the service of the summons and therefore the trial court lacked jurisdiction. On February 19, 1987, the trial court issued a memorandum opinion concluding that it had jurisdiction and finding that Fireman's Fund was entitled to possession of the real property at issue in the eviction action. A judgment was entered on February 26, 1987. Smiths filed a notice of appeal on March 17, 1987.

The single issue raised by the Smiths on appeal is whether or not in an eviction action the trial court lacks jurisdiction when the defendant is given a greater length of time to respond and appear than is provided for in Section 33–06–02 of the North Dakota Century Code.

Initially, we note that an eviction action under Chapter 33–06 of the North Dakota Century Code is a summary statutory remedy for recovery of possession of real estate from a party wrongfully in possession. Section 33–06–02 of the North Dakota Century Code allows a person seeking possession of property to limit the defendant's time to respond and answer in order to expedite the eviction proceeding. Section 33–06–02 provides as follows:

"33–06–02. Appearance—Notice of intention to evict—When required—When and how served. *In any action for eviction the time specified in the summons for the appearance of the defendant may not be less than three nor more than fifteen days from the date on which it is issued.* In all cases arising under subsections 4, 5 and 6 of section 33–06–01, three days' written notice of intention to evict must be given to the lessee, subtenant, or party in possession, before proceedings can be instituted. The notice may be served and returned as a summons is served and returned. Service by delivery of a copy of the summons to the defendant in person within the county must be made at least three days before the time fixed for the appearance of the defendant. Service elsewhere or personal service in any other mode must be made at least seven days before the time fixed for the appearance of the defendant." [Emphasis added.]

The Smiths argue that an eviction statute must be strictly construed. The Smiths argue that an expansion of time for the appearance of the defendant in the eviction action beyond the period specified in Section 33–06–02 of the North Dakota Century Code negates the trial court's jurisdiction of the matter. We do not agree.

■ This Court recognized in *Perry v. Erling*, 132 N.W.2d 889, 896 (N.D.1965), quoting with approval from 82 C.J.S. Statutes § 325 (1953), that a statute must be construed logically and not to produce an absurd result:

" 'In construing a statute, the spirit of the enactment must be considered and the statute should, if possible, be construed in accordance therewith. In pursuance of the general object of giving effect to the intention of the legislature, the courts are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter thereof, it being generally recognized that whatever is within the spirit of the statute is within the statute although it is not within the letter thereof, while that which is within the letter, although not within the spirit, is not within the statute. Effect will be given the real intention even though contrary to the letter of the law.

" 'The rule of construction according to the spirit of the law is especially applicable where adherence to the letter would result in absurdity or injustice, ...' "

In *Haggar Co. v. Helvering*, 308 U.S. 389, 394, 60 S.Ct. 337, 339, 84 L.Ed. 340 (1940), the Supreme Court of the United States stated as follows:

"All statutes must be construed in the light of their purpose. A literal reading of them which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with the legislative purpose."

Section 1–02–01 of the North Dakota Century Code provides as follows:

"1–02–01. Rule of construction of code. The rule of the common law that statutes in derogation thereof are to be construed strictly has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice."

In applying the foregoing principles to the instant case, we believe that adherence to the strict letter of the statute would lead to injustice and absurdity. Accordingly, we conclude that under the facts of this case where an additional four days were allowed and no detriment was shown the granting of a greater length of time to respond or appear in an eviction action than that provided for in Section 33–06–02 of the

North Dakota Century Code does not deprive the court of jurisdiction to determine the matter and therefore the judgment of the trial court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE, JJ. concur.

LEVINE, J., concurs in the result.