# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 170

City of Fargo, a political subdivison
of the State of North Dakota,                                    Plaintiff and Appellee

      v.

Karen C. Wieland,                                               Defendant and Appellant

No. 20200100

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice. Justice McEvers filed an opinion concurring specially in which Justice VandeWalle joined. Justice Crothers filed a dissenting opinion in which Justice Tufte joined.

Jane L. Dynes, Fargo, ND, for plaintiff and appellee.

Jonathan T. Garaas, Fargo, ND, for defendant and appellant.

# City of Fargo v. Wieland
## No. 20200100

**Jensen, Chief Justice.**

[¶1]   Karen Wieland appeals from a district court's order denying her motion seeking post-judgment interest in an eminent domain action.   Wieland contends that post-judgment interest is payable subsequent to a political subdivision's deposit of the full amount of the judgment under N.D.C.C. § 32-15-29 when a property owner appeals from the judgment in eminent domain proceedings.   We affirm.

I

[¶2]   On January 19, 2019, the district court entered a judgment awarding Wieland $850,000 as just compensation for the taking of her property.   The following day, the City of Fargo deposited $850,000 with the Cass County Clerk of Court.   On March 13, 2019, the district court amended the judgment to include an additional $89,044.32 for attorney fees and costs.   That same day, the City deposited an additional $89,044.32 with the Cass County Clerk of Court.

[¶3]   Wieland appealed from the amended judgment. *City of Fargo v. Wieland*, 2019 ND 286, 936 N.W.2d 55.   In her prior appeal, Wieland argued the eminent domain action should be dismissed because the City failed to pay or deposit post-judgment interest subsequent to the City depositing the full amount of the judgment in court.   *Id.* ¶ 26.   We concluded there was no authority that required dismissal of an eminent domain action upon a political subdivision's failure to pay or deposit post-judgment interest subsequent to the deposit of the full amount of the judgment in court.   *Id.* ¶ 28.   We affirmed the district court's amended judgment awarding Wieland $939,044.32 for just compensation and attorney's fees in the eminent domain action.   *Id.* ¶ 30.   Our decision was limited to Wieland's request to dismiss the proceedings in their entirety.

[¶4] In the prior appeal we noted the existence of a potential issue of whether a landowner who appeals a judgment in eminent domain proceedings, without accepting or withdrawing deposited funds, is entitled to post-judgment interest subsequent to the deposit of the full amount of the judgment in court. *Wieland*, 2019 ND 286, ¶ 29, 936 N.W.2d 55. Immediately after identifying that potential issue, this Court noted the following: "[b]ecause Wieland has not raised this issue with the district court and briefed it for our review, we decline to expand Wieland's request for relief beyond her argument this action must be dismissed due to the City's failure to pay or deposit post-judgment interest." *Id.*

[¶5] Following the issuance of the mandate by the Court in the prior appeal, Wieland moved pursuant to N.D.C.C. § 32-15-29 for payment of the original amended judgment that had been deposited by the City in court, plus any accrued post-judgment interest. The district court denied the request for post-judgment interest after determining the accrual of interest was suspended once the City deposited the original amended judgment amount with the court and that it did not have the authority to further amend the judgment after this Court's affirmance of the original amended judgment without remand on the prior appeal. Wieland appealed the denial of her request for post-judgment interest and now raises the issue we left unaddressed in the prior appeal: whether a landowner who appeals an award in eminent domain proceedings, without accepting or withdrawing deposited funds, is entitled to the payment of post-judgment interest subsequent to the deposit of the full amount of the judgment.

II

[¶6] The City seeks to dismiss Wieland's appeal, arguing that Wieland's appeal is not authorized by law. Rule 27(f) of our Rules of Appellate Procedure allows the filing of a motion to dismiss an appeal to assert the appeal is not authorized by law. *IRET Props. LP v. Williams Cty. Bd. of Comm'rs*, 2018 ND 223, ¶ 5, 918 N.W.2d 56. Appeals authorized by law are defined under N.D.C.C. § 28-27-02.

[¶7] The City contends that Wieland's appeal is not authorized by law because Wieland's request for post-judgment interest was foreclosed by our prior affirmance of the judgment without remanding any issues back to the district court. Relying on the law of the case doctrine, the City argues the post-judgment interest issue was either resolved, or could have been resolved, in the prior appeal. "Under the law of the case doctrine, when an appellate court has ruled on a legal question and remanded matter to the lower court, the legal question addressed becomes the law of the case and will not be modified on a subsequent appeal in the same case." *Thompson v. Johnson,* 2019 ND 111, ¶ 12, 926 N.W.2d 120 (citing *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.,* 2007 ND 36, ¶ 12, 729 N.W.2d 101).

[¶8] In the prior appeal, we declined to expand Wieland's post-judgment interest argument beyond her request for dismissal of an eminent domain proceeding based on a political subdivision's failure to deposit post-judgment interest. *Wieland*, 2019 ND 286, ¶ 29, 936 N.W.2d 55. However, we recognized the open issue of whether a landowner who appeals an award in eminent domain proceedings, in lieu of accepting or withdrawing deposited funds, is entitled to the payment of post-judgment interest. *Id.* ¶ 29. At the time of the prior appeal, the district court had not been asked to consider whether the accrual of post-judgment interest was authorized by statute. Wieland's appeal does not raise an issue that had been decided by the district court before the prior appeal and this Court left the issue unaddressed in the prior appeal. Under the circumstances of this case we deny the City's motion to dismiss this appeal as not authorized by law.

III

[¶9] Wieland contends she is entitled to post-judgment interest on the underlying eminent domain award. The City asserts that it satisfied its obligation to Wieland when it deposited with the court the full amount required by the amended judgment as provided by N.D.C.C. § 32-15-29. Wieland counters that the City's interpretation of N.D.C.C. § 32-15-29 would place landowners in an untenable position, forcing landowners to choose between withdrawing the deposit and foregoing an appeal except for a claim to greater

compensation, or initiating an appeal that preserves all of the potential issues without withdrawing the deposited funds and foregoing the accrual of interest on the deposit or the use of the funds.

[¶10] This Court has previously recognized that a judgment debtor has the "power to suspend the accrual of interest while the appeal was pending by tendering the amount of the original judgment into court." *Gonzalez v. Tounjian*, 2004 ND 156, ¶ 16, 684 N.W.2d 653. "Any perceived inequity in allowing an appealing party to collect interest during the pendency of an unsuccessful appeal is ameliorated by the ability of the appellee to tender the amount of the judgment into court and thereby stop the accrual of interest." *Dick v. Dick*, 434 N.W.2d 557, 559 (N.D. 1989). We conclude, absent a statutory provision to the contrary, the accrual of interest was suspended by the City's deposit of the judgment amount.

[¶11] Section 32-15-29, N.D.C.C., provides the post-judgment procedure for providing payment to a landowner in eminent domain proceedings, defines when the political subdivision can take possession of the landowner's property, and defines the landowner's rights in the event of an appeal. Section 32-15-29 reads as follows:

At any time after the entry of judgment, whenever the plaintiff shall have paid to the defendant, or into court for the defendant, the full amount of the judgment, the district court in which the proceeding was tried, upon notice of not less than three days, may authorize the plaintiff to take possession of and use the property during the pendency of and until the final conclusion of the litigation and, if necessary, may stay all actions and proceedings against the plaintiff on account thereof. The defendant, who is entitled to the money paid into court for the defendant upon judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. The court, or a judge thereof, upon application made by such defendant, shall order and direct that the money so paid into court for the defendant be delivered to the defendant upon the defendant's filing a satisfaction of the judgment, or upon the defendant's filing a receipt therefor and an abandonment of all defenses to the action or proceeding except as to the amount of

4

damages that the defendant may be entitled to in the event that a new trial shall be granted. A payment to a defendant as aforesaid shall be held to be an abandonment by such defendant of all defenses interposed by the defendant, except the defendant's claim for greater compensation.

N.D.C.C. § 32-15-29.

[¶12] "The interpretation of a statute is a question of law, fully reviewable on appeal." *State v. Foster*, 2020 ND 85, ¶ 26, 942 N.W.2d 829 (quoting *State v. Haugen*, 2007 ND 195, ¶ 7, 742 N.W.2d 796). "This Court's primary purpose when interpreting a statute is to determine legislative intent." *Herman v. Herman*, 2019 ND 248, ¶ 8, 934 N.W.2d 874 (citing *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894). "Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears." *Id.* (citing N.D.C.C. § 1-02-02). "When the wording of a statute is unambiguous, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Haggard v. Meier*, 368 N.W.2d 539, 541 (N.D. 1985) (citing N.D.C.C. § 1-02-05). It is improper for the Court to attempt to construe a statutory provision so as to legislate additional requirements or proscriptions which the words of the provision does not itself provide. *Id.*

[¶13] Wieland has not raised a constitutional challenge to N.D.C.C. § 32-15-29 and the statute is not ambiguous. The statute does not provide for the accrual of any interest following the deposit of the full judgment amount by the political subdivision. While we agree with Wieland that the statute appears to require unsatisfied landowners to make a difficult choice between withdrawing the deposit and limiting their appeal to a claim for greater compensation, or foregoing the use of the funds and preserving all of their potential issues on appeal, there is nothing in the statute suggesting the legislature intended something different. We conclude N.D.C.C. § 32-15-29 does not provide for the accrual of post-judgment interest subsequent to a deposit of the full amount of the judgment by the political subdivision.

5

IV

[¶14] Wieland argues that even in the absence of a political subdivision's obligation to provide the payment of post-judgment interest subsequent to making a deposit pursuant to N.D.C.C. § 32-15-29, the City has an obligation to deposit post-judgment interest under N.D.C.C. § 32-15-30. Section 32-15-30 reads as follows:

> The payment of the money into court as provided for in this chapter shall not discharge the plaintiff from liability to keep the said fund full and without diminution, but such money shall be and remain as to all accidents, defalcations, or other contingencies as between the parties to the proceedings at the risk of the plaintiff, and shall remain so until the amount of the compensation or damages finally is settled by judicial determination and until the court awards the money, or such part thereof as shall be determined upon, to the defendant, and until the defendant is authorized or required by order of court to take it. If for any reason the money at any time shall be lost, or otherwise abstracted or withdrawn, through no fault of the defendant, the court shall require the plaintiff to make and keep the sum good at all times until the litigation finally is brought to an end, and until paid over or made payable to the defendant by order of the court, as provided in section 32-15-29, and until such time or times the clerk of court shall be deemed to be the custodian of the money and shall be liable to the plaintiff upon the clerk's official bond for the same, or any part thereof, if for any reason it is lost, or otherwise abstracted or withdrawn.

N.D.C.C. § 32-15-30.

[¶15] Wieland argues the language of the statute allocating the risk of loss to the political subdivision and the language "without diminution" require the accrual of interest on the post-judgment deposit of the full amount of the judgment made by the political subdivision. We are guided by the same rules of statutory interpretation noted above in section III. The statute is not ambiguous and does not provide for the accrual of any interest following the deposit of the full judgment amount by the political subdivision.

6

V

[¶16] The City's motion to dismiss under N.D.R.App.P. 27(f) is denied. The law of the case did not prohibit Wieland's motion requesting post-judgment interest. Neither N.D.C.C. §§ 32-15-29 nor 32-15-30 provide for post-judgment interest on an award in an eminent domain proceedings subsequent to the political subdivision's deposit of the full amount of the judgment in court. It is unnecessary to address other arguments raised because they are unnecessary to the decision or are without merit. The district court's order denying Wieland's request for post-judgment interest is affirmed.

[¶17] Jon J. Jensen C.J

**McEvers, Justice, concurring specially.**

[¶18] I agree with the majority this case should be affirmed. However, I would affirm for a different reason.

[¶19] The district court held the law of the case doctrine and the mandate rule apply and it could not modify its own judgment. In *Viscito v. Christianson*, this Court discussed the law of the case doctrine and the mandate rule as follows:

> Generally, the law of the case is defined as the principle that if an appellate court has passed on a legal question and remanded the cause to the court for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same. In other words, [t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and [a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal *or which would have been resolved had they been properly presented in the first appeal*. The mandate rule, a more specific application of law of the case requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.

2016 ND 139, ¶ 7, 881 N.W.2d 633 (quoting *Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 16, 821 N.W.2d 760). *See also Johnston Land Co., LLC v. Sorenson*, 2019 ND 165, ¶ 11, 930 N.W.2d 90 (same).

[¶20] Wieland argued in the prior appeal the eminent domain action must be dismissed because the City failed to pay her post-judgment interest under N.D.C.C. § 28-20-34. *City of Fargo v. Wieland*, 2019 ND 286, ¶ 26, 936 N.W.2d 55. This Court rejected her dismissal argument and declined to expand her request for relief beyond her argument that the action must be dismissed. *Id.* at ¶ 29. We affirmed the judgment and did not remand any issues to the district court. *Id.* at ¶ 30. This Court affirmed the amended judgment, which did not include post-judgment interest. This is the law of the case and must be followed. The district court did not err in applying the law of the case doctrine and the mandate rule, and on that basis, I would affirm.

8

[¶21] Lisa Fair McEvers

Gerald W. VandeWalle

**Crothers, Justice, dissenting.**

[¶22] I respectfully dissent.

VI

[¶23] The majority affirms the district court by concluding "[n]either N.D.C.C. §§ 32-15-29 nor 32-15-30 provide for post-judgment interest on an award in an eminent domain proceedings subsequent to the political subdivision's deposit of the full amount of the judgment in court." Majority, at ¶ 16. I respectfully disagree.

VII

[¶24] Article I, Section 16 of the North Dakota Constitution states, "Private property shall not be taken or damaged for public use without just compensation. . . ." "The Fifth Amendment to the United States Constitution guarantees that private property shall not 'be taken for public use, without just compensation.'" *Wild Rice River Estates, Inc. v. City of Fargo*, 2005 ND 193, ¶ 12, 705 N.W.2d 850 (citing U.S. Const. Amend. V). "The takings clause of the Fifth Amendment is made applicable to the states through the Fourteenth

9

Amendment." *Id.* (citing *Rippley v. City of Lincoln*, 330 N.W.2d 505, 507 n.1 (N.D. 1983)).

[¶25] Just compensation includes post-judgment interest. In *Donaldson v. City of Bismarck*, 3 N.W.2d 808, 810 (N.D. 1942) we stated:

> "Damages recoverable by an owner of property that has been taken or damaged in violation of Section 14 of the Constitution of North Dakota includes such additional amount beyond the value of the property or the amount of the damage to the property as of the time of the taking or damaging as may be necessary to award the full equivalent of the value or of the damage, as the case may be, paid contemporaneously with the taking or the damaging. Interest at the rate prescribed by the laws of this State as compensation for 'the use, or forbearance, or detention of money' (Ch. 157, Laws 1935) is a proper measure by which to ascertain the amount so to be added."

Interest is payable on judgments at the rates established in N.D.C.C. § 28-20-34.

[¶26] Section 32-15-29, N.D.C.C., provides for when a taking occurs, how money for the taking is paid to an owner, the acceptance of the payment, and—importantly in this case—when defenses are abandoned by acceptance or withdrawal of the payment. That section states:

> "At any time after the entry of judgment, whenever the plaintiff shall have paid to the defendant, or into court for the defendant, the full amount of the judgment, the district court in which the proceeding was tried, upon notice of not less than three days, may authorize the plaintiff to take possession of and use the property during the pendency of and until the final conclusion of the litigation and, if necessary, may stay all actions and proceedings against the plaintiff on account thereof. The defendant, who is entitled to the money paid into court for the defendant upon judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. The court, or a judge thereof, upon application made by such defendant, shall order and direct that the money so paid into court for the defendant be delivered to the defendant upon the

10

defendant's filing a satisfaction of the judgment, or upon the defendant's filing a receipt therefor and an abandonment of all defenses to the action or proceeding except as to the amount of damages that the defendant may be entitled to in the event that a new trial shall be granted. A payment to a defendant as aforesaid shall be held to be an abandonment by such defendant of all defenses interposed by the defendant, except the defendant's claim for greater compensation."

[¶27] The majority concludes, "absent a statutory provision to the contrary, the accrual of interest was suspended by the City's deposit of the judgment amount." Majority, at ¶ 10. To support this conclusion the majority relies on two non-taking cases. That reliance is misplaced.

[¶28] The majority cites *Gonzalez v. Tounjian*, 2004 ND 156, ¶ 16, 684 N.W.2d 653, and *Dick v. Dick*, 434 N.W.2d 557, 559 (N.D. 1989), which note the ability of the appellee to tender the amount of a judgment into court and thereby stop the accrual of interest. Majority, at ¶ 10. In *Gonzalez*, an injured apartment tenant brought a personal injury action against another tenant and apartment owner after suffering injuries in a fire. *Gonzalez,* at ¶ 2. In *Dick*, the question was whether interest accrues on a monetary award in a divorce judgment where the judgment is silent as to interest. *Dick*, at 557. Importantly, neither claimant in *Gonzalez* or *Dick* was entitled to just compensation protected by the Constitution, nor were they subject to an "accept and abandon defenses" statute like that in N.D.C.C. § 32-15-29. Therefore, those cases provide no guidance for resolving the question here whether a landowner who had property taken by eminent domain is entitled to post-judgment interest when she cannot withdraw deposited funds without abandoning the appeal of her non-compensation issues.

[¶29] In the context of eminent domain, the answer is found in N.D.C.C. § 32-15-30, which squarely places on Fargo the obligation to make sure deposited funds fully compensate Wieland. The statute provides:

"The payment of the money into court as provided for in this chapter shall not discharge the plaintiff from liability to keep the said fund full and without diminution, but such money shall be

11

and remain as to all accidents, defalcations, or other contingencies as between the parties to the proceedings at the risk of the plaintiff, and shall remain so until the amount of the compensation or damages finally is settled by judicial determination and until the court awards the money, or such part thereof as shall be determined upon, to the defendant, and until the defendant is authorized or required by order of court to take it. If for any reason the money at any time shall be lost, or otherwise abstracted or withdrawn, through no fault of the defendant, the court shall require the plaintiff to make and keep the sum good at all times until the litigation finally is brought to an end, and until paid over or made payable to the defendant by order of the court, as provided in section 32-15-29, and until such time or times the clerk of court shall be deemed to be the custodian of the money and shall be liable to the plaintiff upon the clerk's official bond for the same, or any part thereof, if for any reason it is lost, or otherwise abstracted or withdrawn."

[¶30] The majority concluded, "[t]he statute is not ambiguous and does not provide for the accrual of any interest following the deposit of the full judgment amount by the political subdivision." Majority, at ¶ 15. I disagree.

[¶31] The first sentence in N.D.C.C. § 32-15-30 can be broken down into several provisions applicable to this case. First, the section states, "The payment of the money into court as provided for in this chapter shall not discharge the plaintiff from liability to keep the said fund full and without diminution." This portion allocates to Fargo the risk that deposited funds will not fully and adequately provide Wieland with just compensation. Just compensation includes interest accruing on the judgment. *Donaldson*, 3 N.W.2d 808, 810 (N.D. 1942). Therefore, the first sentence of N.D.C.C. § 32-15-29 puts on Fargo the risk that a deposit into court may be inadequate to pay just compensation—including post-judgment interest. To read the sentence otherwise ignores the second sentence of N.D.C.C. § 32-15-30 which covers funds "lost, or otherwise abstracted or withdrawn, through no fault of the defendant." *See Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 12, 829 N.W.2d 453 ("When engaging in statutory interpretation, this Court has consistently

12

recognized that it must be presumed the legislature intended all that it said, said all that it intended to say, and meant what it has plainly expressed.").

[¶32] The next part of the first sentence in N.D.C.C. § 32-15-30 provides that Fargo "shall remain [responsible to keep the said fund full and without diminution] until the amount of the compensation or damages finally is settled by judicial determination and until the court awards the money, or such part thereof as shall be determined upon, to the defendant, and until the defendant is authorized or required by order of court to take it." Here, judgment was entered on January 15, 2019, and an amended judgment was entered on March 13, 2019. Weiland was prevented by N.D.C.C. § 32-15-29 from withdrawing the funds until the issues in her first appeal were decided. Therefore, it was not until the district court's March 31, 2020 Order for Release of Funds that Wieland was authorized to withdraw the money which Fargo deposited with the clerk of court. Under clear provisions of the second part of the first sentence in N.D.C.C. § 32-15-30, between March 13, 2019 and March 31, 2020, Fargo remained responsible for maintaining the deposit in an amount that would fully pay Wieland just compensation—including post-judgment interest.

[¶33] In this case, Fargo unilaterally chose to deposit funds with the clerk of court. At oral argument during this appeal, Fargo stated it did not know if the deposited funds accrued interest, and that it did not inquire with the clerk of court whether interest accrued on the funds. According to the record as we know it, Fargo did not request that the clerk of court maintain the funds in an interest bearing account. Notwithstanding its clear liability going forward, Fargo did not even ask how or where the funds would be maintained.

[¶34] Under the majority's interpretation of N.D.C.C. § 32-15-29 and N.D.C.C. § 32-15-30, Fargo can simply dump more than $900,000 on the clerk of court's counter and walk away. Under the majority's interpretation of the statutes, Fargo has no responsibility for how the funds are handled subsequently. I cannot agree with those results. If the words "keep said fund full" and "without diminution" in N.D.C.C. § 32-15-30 have any meaning, those words require that Fargo ensure interest accrues on the money that it remains responsible

13

for paying Wieland. In order for Wieland to receive just compensation as required by both the North Dakota and the United States Constitutions, I also read N.D.C.C. § 32-15-30 as imposing on Fargo the risk that (and, hence, liability for) the deposited funds will fully pay Wieland just compensation when Wieland is legally entitled to withdraw the funds.

[¶35] I also respectfully disagree with the special concurrence stating this case can be affirmed under the law of the case doctrine and the mandate rule. McEvers, concurring specially at ¶ 20. The issue in this appeal is post-judgment interest. Due to the timing of events explained in paragraph 32 above, the issue here was not ripe for consideration in the first appeal. Rather, the first appeal was from the judgment and this appeal was taken after the district court denied Wieland's request for post-judgment interest from entry of judgment in 2019 to March of 2020 when the court authorized Wieland to withdraw the deposited funds.

[¶36] Because Wieland presents an appealable issue, because just compensation includes post-judgment interest, and because the payment of money into the court is Fargo's risk, I would reverse and remand for the district court to award post-judgment interest.

[¶37]   Daniel J. Crothers
        Jerod E. Tufte